EDITH PULITZER MOORE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89702. Promulgated December 5, 1939.

*John G. Jackson, Jr., Esq.*, for the petitioner.
*J. Richard Riggles, Jr., Esq.*, for the respondent.

#### OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $1,-823.42 in gift tax for 1935, by disallowing three of the four $5,000

---

[2] See footnote 1, *supra.*

exclusions claimed by the petitioner in respect of securities transferred in trust. He held:

Under the trust agreement the only present payments directed or authorized to be made are to your husband. No payments can be made to the children until the death of your husband. The Bureau holds, therefore, that the gifts to the children are gifts of future interests against which no exclusions are allowable. Therefore, only one exclusion is allowable in this case. * * *

The facts were stipulated and the only issue is whether the trust instrument makes one gift or whether, if it makes separate gifts to the petitioner's three sons, such gifts are gifts of future interests, the exclusion being in either event limited to $5,000 under section 504 (b) of the Revenue Act of 1932.

(b) GIFTS LESS THAN $5,000.—In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

On December 31, 1935, the petitioner, as donor, executed a trust indenture under which she irrevocably conveyed to the Central Hanover Bank & Trust Co., as trustee, securities having a market value of $204,031.45 at that date:

subject to the trusts herein created, together with the proceeds thereof, all of which are hereinafter collectively called the "Trust Estate", * * * [to] be held by the Trustee * * * upon the trusts and for the uses and purposes * * * herein set forth * * *.

The petitioner agreed to execute any further instruments necessary:

to vest title to the Trust Estate or any part thereof in the Trustee or to enable the Trustee to perform the trusts as hereinafter directed.

The trustee was authorized to collect rents and to deduct expenses in connection with the administration of "the trusts":

To pay the net income in convenient installments to the Donor's husband, William S. Moore, during his life.

Upon the death of said William S. Moore to continue to hold and to divide, pay over and distribute the principal of this trust then in the hands of the Trustee in the following order of preference, to wit:

1. If the Donor's son, David Moore, or any of his issue shall survive the Donor's said husband, there shall first be set aside and retained by the Trustee * * * $145,000 * * * and the Trustee shall continue to hold the same IN TRUST and to pay over the net income therefrom in convenient installments to the Donor's son, David Moore, during his life and upon his death to pay over and distribute the principal per stirpes to and among his issue, him surviving; but if the Donor's son, David Moore, shall predecease his father, William S. Moore, leaving issue surviving his said father, then to pay over and distribute said sum per stirpes to and among the issue of the Donor's son surviving his father, William S. Moore; provided, however, that if the Donor's son, David Moore, shall leave no issue surviving both him and his said father then to pay over said sum, or the principal of this trust, as the case may be, in equal shares, to such of the

brothers of the Donor's son, David Moore, as shall survive him and his father, William S. Moore, and to the issue, *per stirpes*, then surviving of any brother who may predecease them, such issue of a deceased brother taking *per stirpes* the equal share his, her or their parent would have taken if living.

A similar provision was made for another of petitioner's sons, reading, in part, as follows:

2. If the Donor's son, Richard Moore, or any of his issue shall survive the Donor's said husband, there shall next be set aside and retained by the Trustee * * * $40,000 * * *.

Another provision as to the balance was made to give equal shares to the petitioner's three sons, David, Richard, and William.

The trust indenture also provided that in the event all three of the sons, David, Richard, and William, should predecease petitioner's husband:

then the whole of this Trust shall be paid in equal shares to such of the Donor's sons Adrian Moore and Clement C. Moore as shall survive the Donor's said husband * * *.

The donor expressly reserved the right of increasing the principal of "this trust."

On her gift tax return for 1935 petitioner returned the gift at a value of $198,771.30 and deducted therefrom $20,000 for four exclusions of $5,000 each, as well as the specific exemption of $50,000, leaving a net gift of $128,771.30, upon which a tax of $6,789.41 was assessed and paid on March 16, 1936. In his deficiency notice the Commissioner computed the value of the gift as $204,031.45, which petitioner does not now controvert, and allowed one exclusion of $5,000, which, after deducting the $50,000 specific exemption, resulted in a net gift of $149,031.45. The petitioner's husband and her three sons, David, Richard, and William, were still living at the time of filing the stipulation in 1939.

The stipulation, interestingly enough, indicates that the petitioner in her return and the parties in their stipulation conceive of a single gift in trust; which helps only to show that this is the natural way to regard it.

Both parties agree that under *Mary M. Hutchings*, 40 B. T. A. 27 (on review, C. C. A., 5th Cir.), the "trust entity" and not the beneficiary is the donee. That case dealt with a trust whereby the beneficiaries were given immediate enjoyment as was the husband here, and it would seem *a fortiori* that the same rule would apply to the present trust, which gave to each child an expectancy of future enjoyment in a prescribed order of preference. There is no more reason here to find several trust entities than there was in the *Hutchings* case.

But the *Hutchings* case is on appeal, and two higher courts have recently held that the number of exclusions is fixed not by the number of trusts but by the number of beneficiaries, *Rheinstrom* v. *Commissioner*, 105 Fed. (2d) 642; *Welch* v. *Davidson*, 102 Fed. (2d) 100; so we dare not rely too heavily upon our own decision. But no case holds that there is more than one exclusion when the gift is in trust for A for life and remainder to B if he survives A. That question is open. The statute expressly withholds the exclusion from gifts of future interests, and we think it clear that each gift to a child here is of a future interest. It is only to begin after the life of the husband has ended. The husband has an intervening estate which may survive the life of the child and thus the gift to the child may never vest in him. There is no present distribution to the child and no present accumulation for his benefit. It matters not that the entire estate was transferred from the donor, for that reasoning only serves to support the $5,000 exclusion which the respondent has already recognized because of the present gift for the benefit of the father. Cf. *Commissioner* v. *Wells*, 88 Fed. (2d) 339; *Commissioner* v. *Krebs*, 90 Fed. (2d) 880. The fact that after the child's death, if before the death of the husband, the child's issue shall take the amount which would have gone to the petitioner's child is not because of the succession, but because of the provision of the trust bestowing the interest directly upon the issue if the petitioner's child should die. The interests created by the trust succeeding the death of the husband were future interests. Hence we think the Commissioner was right in confining the exclusion to $5,000.

Reviewed by the Board.

*Decision will be entered for the respondent.*

SMITH, DISNEY, and HARRON concur only in the result.