DAVID L. LOEW, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95976.   Promulgated June 11, 1940.

*Maurice Henry Blinken, Esq.*, for the petitioner.
*Harold F. Noneman, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $7,200 in gift tax for the calendar year 1936. The contention of the petitioner is that the Commissioner erred in not allowing six exclusions of $5,000 each in addition to the three exclusions of $5,000 each which were allowed. The facts have been stipulated and the Board hereby adopts the stipulation as its findings of fact.

The petitioner transferred property on December 15, 1936, to nine separate trusts. The Commissioner, in determining the deficiency, has refused to allow any exclusion whatsoever in regard to six of the transfers. The correctness of his action in that respect is the only issue before the Board. The petitioner contends that the gifts were to the trusts, and, since there were transfers to six separate trusts, he is entitled to six separate exclusions of $5,000 each. He relied upon a number of decisions, including *Commissioner* v. *Wells*, 88 Fed. (2d) 339; *Seymour H. Knox*, 36 B. T. A. 630; *Charles W. Deeds*, 37 B. T. A. 293; and *Mary M. Hutchings*, 40 B. T. A. 27. The Board, in *Wilton Rubinstein*, 41 B. T. A. 220, reversed its position taken in the above cases and decided to follow the rule annunciated by the three Circuit Courts of Appeals to the effect that the gifts, in cases of transfers in trust, are not to the trusts but to the beneficiaries. See also *J. Willis Gardner*, 41 B. T. A. 679; *Leopold E. Block*, 41 B. T. A. 830; and *Mary duPont Faulkner*, 41 B. T. A. 875.

The Commissioner contends that the transfers in question were of future interests and, therefore, no exclusion is proper under section 504 (b) of the Revenue Act of 1932. The income of each trust was to be paid to the petitioner during his life and after his death to one of his children, except that if the wife of the petitioner should survive him and should be married to him and living with him at the time of his death, then she was to receive the income of three of the trusts for her life, after which it was to be paid to the children. The corpus of each trust is payable to one of the three children of the

18

petitioner. The distribution is to be made in one-half or one-third portions when the child reaches a certain age. The ages range from twenty-five to forty. But the payment of the corpus to the children is to be deferred until the death of the petitioner, and in the case of three trusts, until the death of his wife, in case she becomes entitled to receive the income. The deeds also provide that, in case the children fail to survive the life beneficiaries or fail to live until all of the corpus has been distributed to them, then the corpus is to be distributed among their lawful descendants. If they have no lawful descendants, then it is to be divided among the surviving brothers or sister and their lawful descendants. Otherwise it is to be paid over to the lawful heirs of the petitioner, in accordance with the laws of California, excluding the mother and wife of the petitioner.

The Board has held that gifts substantially similar to these which follow the life estate of the petitioner are gifts of future interests within the meaning of section 504 (b) of the Revenue Act of 1932. *Edith Pulitzer Moore*, 40 B. T. A. 1019; *J. Willis Gardner, supra; Leopold E. Block, supra.* No gift is involved in so far as the petitioner transferred the property and made the income payable to himself for life. The gifts to all of the other beneficiaries of the trusts are gifts of future interests within the meaning of that term as used in section 504 (b) and as interpreted in the decisions just cited. Therefore, the Commissioner did not err in refusing to allow any exclusions in the case of the transfers to the six trusts.

*Decision will be entered for the respondent.*