RYERSON ET AL., EXECUTORS, *v.* UNITED STATES.

No. 495.  Argued January 8, 1941.—Decided March 3, 1941.

*Mr. William N. Haddad,* with whom *Mr. Walter T. Fisher* was on the brief, for petitioners.

*Solicitor General Biddle,* with whom *Assistant Attorney General Clark* and *Messrs. Sewall Key, J. Louis Mon-*

*arch,* and *Thomas E. Harris* were on the brief, for the United States.

MR. JUSTICE STONE delivered the opinion of the Court.

This is a companion case to *Helvering* v. *Hutchings, ante,* p. 393, and *United States* v. *Pelzer, ante,* p. 399, and it presents the questions decided in those cases.

The sole question raised by the petition for certiorari is whether, under § 504 (b) of the Revenue Act of 1932, 47 Stat. 169, 247, the donor of property in trust for numerous beneficiaries is entitled to a single gift tax exemption or exclusion to the extent of the first $5,000 of the gift, or to separate exemptions of $5,000 for each beneficiary. The Government insists that if that question be decided against it, it is nevertheless entitled to retain the judgment below in its favor because the gifts to the beneficiaries were of future interests which, by § 504 (b), are denied the benefit of the exclusion otherwise allowed by the section.

In 1934 petitioners' testatrix transferred two single premium insurance policies on her own life maturing at a future date, as additions to two separate trusts, one created in 1933, the other established in 1934 but before the transfer. The instrument creating the first trust provided that the trustees should pay over one-fourth of the net income to Mary Ryerson Frost, one of the trustees, for life, with remainder over for life to her two daughters if surviving at her death, with further remainders over to their issue *per stirpes.* The trust instrument directed that the remaining three-fourths of the income should be accumulated and added to the principal of the trust. It provided that the trust was to terminate upon the death of the last survivor of three persons, the first life tenant and her two daughters, and was then to be distributed, the particular distribution be-

ing dependent upon contingencies which are not now material. The trust instrument also contained numerous provisions for the termination of the trust by joint action of the trustees, Donald McKay Frost and Mary Ryerson Frost, who was also life tenant, or by the survivor or other of them in the case of the death or mental incapacity of either. Other provisions were made for the termination of the trust and distribution of the trust property in the event of the death or mental incapacity of both, without having exercised their power of termination.

The instrument creating the 1934 trust provided that upon the death of the grantor, who was the insured, who was living at the time of the transfer, the trustees should distribute the proceeds of the insurance as follows: If the widow of the grantor's son survived the grantor the income of one-third of the proceeds of the insurance policy was to be paid to the son's widow for life with remainders over to those persons who would be heirs at law of the son had he died at the same time as the life tenant. The remaining two-thirds of the proceeds, or all if the son's widow did not survive the grantor, were to go to the descendants of the grantor's son then surviving, with gifts over in default of such descendants.

In a suit brought by petitioner to recover overpaid gift taxes for the year 1934 the district court ruled that in the computation of the tax the taxpayer was entitled to two exclusions to the extent of $5,000 each for the gifts made to Mary Ryerson Frost and Donald McKay Frost under the 1933 trust and to three exclusions under the 1934 trust, one for the son's widow and two for his two living descendants. The Court of Appeals for the Seventh Circuit reversed, 114 F. 2d 150, holding that the two trusts were the donees and that a single exclusion was allowable for each trust. We granted certiorari, 311 U. S. 640, to resolve the conflict between the decision

below and that of the Court of Claims in the *Pelzer* case and the Circuit Court of Appeals for the Fifth Circuit in the *Hutchings* case.

For the reasons stated in our opinion in the *Hutchings* case we hold that the beneficiaries of the two trusts were the persons to whom the gifts were made and that the gifts to them and not to the trusts, as the courts below held, were entitled to the benefit of the exclusion allowed by § 504 (b) provided the gifts were not of "future interests" to which the section denies the benefit of the exclusion.

As the Government has not sought certiorari it cannot attack the judgment below, but it is free to sustain it upon any legal ground which will support it. *LeTulle* v. *Scofield,* 308 U. S. 415, 421, 422. Even though the judgment below was rested upon the erroneous ground that the trusts were "persons" to whom the gifts were made within the meaning of § 504 (b), the Government may justify the judgment here on the ground that petitioners are not entitled to the exclusions claimed so far as the gifts were of future interests.

The gifts of a separate equal share of the corpus of the 1933 trust to each of the two trustees in the event of their joint request that the trust be terminated was a gift upon a contingency which might never happen. For the reasons stated in our opinion in the *Pelzer* case those gifts were of future interests within the meaning of § 504 (b) and consequently were not entitled to the benefit of the exclusion. While a present power of disposition for one's own benefit is the equivalent of ownership, see *Curry* v. *McCanless,* 307 U. S. 357, 370, *et seq.,* and cases cited, here the joint power was not for the joint benefit of the donees of the power. Its exercise could only operate for the benefit of each to the extent of one-half of the trust property and then only in the event that both agreed to unite in its exercise. In any case use and

enjoyment of any part of the trust fund by either was postponed until such time as both joined in the exercise of the power. The interests granted to the trustees upon their termination of the trust should therefore have been included to their full extent in the computation of the gift tax because they were "future interests" within the meaning of § 504 (b) and Art. XI, Treasury Regulations 79. As the petitioners have been allowed one exclusion by the judgment below which is not attacked here it is unnecessary to consider whether the life interest in the income given to Mary Ryerson Frost is a present or future interest within the meaning of § 504 (b).

For like reasons we conclude that the gifts to the beneficiaries of the 1934 trust were of future interests and that the petitioners are entitled to no exclusion with respect to them. The gift of income to the life tenant was contingent upon her survivorship of the grantor at a future date. The gifts of the principal amount of the proceeds of the policy to descendants of the deceased son of the grantor were in part contingent upon their survivorship of the son's widow and her survivorship of the grantor or, if she did not survive him, then the gifts of the entire principal were contingent upon survivorship of the descendants at the grantor's death. Thus all those who might become entitled to the use and enjoyment of the trust, principal and income, were ascertainable only upon the happening of one or more uncertain future events, survivorship of one or more persons at the death of the donor, and so they were donees of gifts of "future interests" within the meaning of § 504 (b) and the treasury regulations. Consequently petitioners are not entitled to the single exclusion which the court below allowed. But because the Government has sought no cross-petition attacking the judgment below, it must be

*Affirmed.*