**COMMISSIONER OF INTERNAL REVE-
NUE v. GARDNER.**

**No. 7764.**

Circuit Court of Appeals, Seventh Circuit.

Feb. 18, 1942.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Bureau of Internal Revenue, Michael H. Cardozo, and J. Louis Monarch, all of Washington, D. C., for petitioner.

Robert Ash, of Washington, D. C., for respondent.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

The Commissioner petitions for review of a decision of the Board of Tax Appeals permitting a series of exclusions from gift taxes under § 504(b) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 585. He contends that such exclusions should have been denied for the reason that the gifts were of future interests in the property conveyed.

The facts were stipulated. In 1926, respondent created a trust for the benefit of ten grandchildren. By the terms of the trust indenture the trustee was to hold the trust estate in equal shares for the benefit of those grandchildren. It further provided:

"After paying the necessary expenses incurred in the management and investment of the trust estate, including the compensation of the trustee for its own services, the trustee shall use and apply such

portions of the net income of the respective shares of the grantor's said grandchildren in and to the trust estate as the trustee may deem necessary and proper for their education, maintenance and support, until they respectively become twenty-five (25) years of age, and as each grandchild reaches the age of twenty-five (25) years, the trustee shall pay over to him or her the portion of the net income from his or her share not theretofore expended for the purposes aforesaid, and shall thereafter pay to such grandchild direct the net income derived from his or her share, until the termination of the trust respecting the same as in hereinafter set out. During the minority of any of the grantor's said grandchildren, the trustee may pay over the share of such minor in and to the net income, or any part thereof, to the parents of such minor, to be used by them for the purposes aforesaid, and the trustee is requested to consult from time to time with the parents of any minor grandchild respecting the disposition of his or her share of the net income from the trust estate."

In 1933, the taxpayer transferred to the trust certain shares of stock of a value of $48,125, and thereafter claimed ten exclusions of $5000 each as to the gift. In 1936, the taxpayer made another gift to the trust, of property valued at $40,800, for the benefit of eight of the grandchildren named in the original trust indenture, and thereafter claimed eight exclusions of $5000 each from gift taxes. The Commissioner disallowed the exclusions and asserted a deficiency in gift taxes, contending that the gifts were of future interests in property.

The Board held that the taxpayer was entitled to all the exclusions claimed for both years. Petitioner contends that it erred in allowing any exclusions.

Section 504(b) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Code, § 1003(b) (1) provides: "In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year." Article XI of Treasury Regulations 79, 1933 and 1936 editions, interpreting this section, defines future interests as "any interest or estate whether vested or contingent, limited to commence in use, possession, or enjoyment at some future date or time." The Supreme Court has held that under this definition, gifts to trust estates, the income of which is to be accumulated for a period of years, constitute gifts of future interests, not entitled to the exclusions provided by the statute. United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913. See also Commissioner v. Glos, 7 Cir., 123 F.2d 548. The Court has not found it necessary to decide whether gifts to trusts, the income from which is to be or may be distributed currently to beneficiaries, constitute gifts of present or future interests. See Helvering v. Hutchings, 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909; and Ryerson v. United States, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917.

In holding that the gifts were of present interests in property, entitling petitioner to the exclusions, the Board cited a decision of this court, Commissioner of Int. Rev. v. Wells, 7 Cir., 88 F.2d 339, and two decisions of the Board, Goodman v. Commissioner, 41 B.T.A. 472, and Deeds v. Commissioner, 37 B.T.A 293. All three of these cases were decided on the theory that complete divestiture by the donor of all interest in the property resulted in investiture of such interest in the trust, and that the result was a *present* interest in the property and not a future interest. The Wells case involved the same type of accumulation of income for the benefit of minor beneficiaries as was adjudicated to constitute a future interest in the Pelzer case, supra, and under the ruling in the latter case it appears that our decision was in error. (There was no application for certiorari.) It follows that we must now look to the interest of the *beneficiary* in the trust estate or its income in determining whether the gift involves a present or a future interest in property under the terms of the statute and its interpretive regulation.

Petitioner contends that since the trustee had discretion to determine whether any income should be distributed to beneficiaries who had not attained the age of twenty-five, none of them received an immediate right to the use and possession of the gifts, hence the gifts were of future interests in property. No evidence was introduced before the Board as to the ages of any of the grandchildren nor as to the amounts of payments, if any, under the trust agreement.

 We think that, under the regulation quoted, which the Supreme Court has held to be within the competence of the Treasury in interpreting § 504(b) (United States v. Pelzer, supra), we may determine whether the gift is of a present or future interest by ascertaining whether or not the beneficiary is entitled to the immediate and unrestricted use of the trust estate, or its income. As stated in Commissioner v. Brandegee,. 1 Cir., 123 F.2d 58, 61, "The nature of the interest of the donees is determined as of the date of the gift, not by what the trustee may subsequently choose to do in the exercise of his discretionary power."

Applying such test to the trust agreement here involved, it is clear that as soon as each beneficiary attained the age of twenty-five years, the trustee was obligated to pay over to him all income derived from his share of the trust estate. It follows that as the owner of the immediate and unrestricted right to such income, such beneficiary was the beneficial owner of the part of the estate from which his income was derived, and his interest in such part of the estate was a present and not a future one. Cf. Commissioner v. Brandegee, supra. However, until he reached the age of twenty-five years, the trustee was to use only such portions of the income from the child's share of the estate as he deemed necessary and proper, retaining the balance until the child reached the specified age. His right to the enjoyment of the latter could not be said to be immediate, unrestricted or unqualified, hence it would fall within the Regulation definition of future interest, "limited to commence in possession or enjoyment at a future date."

Because the petition of the taxpayer to the Board for redetermination of his gift tax was tried on an entirely different theory, certain facts necessary to decide the issues on the theory now found proper under recent rulings of the Supreme Court were omitted. Under somewhat similar circumstances, in the case of Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037, and Helvering v. Richter, 312 U.S. 561, 61 S.Ct. 723, 85 L.Ed. 1043, the Supreme Court held taxpayers entitled to introduce additional evidence upon remand of their causes to the Board for further proceedings in the light of decisions of that Court subsequent to the decisions of the Board.

We think that under those decisions the proper procedure for us to follow is to remand the cause to the Board for the purpose of permitting the parties to introduce further evidence if they so desire, and a redetermination by the Board of the deficiency, if any, in the light of its findings on the further evidence. Cf. Commissioner v. Brandegee, supra; Helvering v. Rubinstein, 124 F.2d 969.

The decision of the Board is reversed and the cause remanded, for further proceedings in conformity with this opinion.