## COMMISSIONER OF INTERNAL REVENUE v. PHILLIPS' ESTATE et al.

### No. 9977.

Circuit Court of Appeals, Fifth Circuit.

March 20, 1942.

Hubert L. Will, Sewall Key, J. Louis Monarch, and Michael H. Cardozo, IV., Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John M. Morawski, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Benjamin Leader and John D. Hill, both of Birmingham, Ala., for respondents.

Before FOSTER, SIBLEY, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

The petition for review involves gift tax for the year 1936. The facts were stipulated, and the sole question presented below was whether under § 504(b) of the Revenue Act of 1932, 47 Stat. 169, 247, 26 U.S.C.A. Int.Rev.Acts, page 585, the donor of property in trust for the benefit of thirteen beneficiaries was entitled to a single gift tax exclusion of $5,000, or to thirteen separate exclusions not exceeding $5,000 each. The Board held that the beneficiaries were the donees of the gifts, and that in determining the donor's gift tax liability he should be allowed an exclusion not exceeding $5,000 for each of them.

After entry of the Board's decision, the Supreme Court rendered an opinion resolving a conflict of decisions as to the number of exclusions allowable under § 504(b). It was held that a donor should be allowed a separate exemption or exclusion for each beneficiary, provided the beneficiaries are given present interests. Helvering v. Hutchings; 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909. The Board therefore properly allowed this taxpayer thirteen exclusions, unless the gifts for the benefit of the several beneficiaries were gifts of "future interests" which are denied the benefit of the exclusion otherwise allowed by § 504(b). United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913; Ryerson v. United States, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917.

The Commissioner's only contention before the Board was that the trust was the donee of the gifts and that a single exclusion should be allowed. On appeal the Commissioner has abandoned his original position regarding the number of exclusions to be allowed, and now asserts for the first time that the gifts to the beneficiaries were gifts of "future interests" and that, therefore, no exclusions were allowable under § 504(b). The respondents contend that this issue should not be now heard, and that we should give application to the gen-

eral rule that an appellate court will not give consideration to issues not raised below. Since trial and decision of the case below, the Hutchings, Pelzer, and Ryerson cases were decided, and the Supreme Court settled the question regarding the number of exclusions to be allowed, and discussed, construed, and applied the "future interest" provision of § 504(b). The intervening pronouncement and clarification of the law applicable to the case presents a situation analogous to that in Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037; and Helvering v. Richter, 312 U.S. 561, 61 S.Ct. 723, 85 L.Ed. 1043, where it was held that in view of an intervening decision of the Supreme Court, the Circuit Court of Appeals might properly pass upon a question not presented to the Board. Under the circumstances we will consider the question of whether the donor's gifts were gifts of present or future interests.

On October 24, 1936, Louis Phillips made a gift to a trust for the benefit of thirteen named beneficiaries. The gift was irrevocable and the donor reserved no right to alter, amend, terminate, or revoke the trust. Phillips was sole trustee, but provision was made for successor trustees in the event of his death or termination of his trusteeship for any reason. The instrument of trust invested the trustee with full power of management and control of the trust estate, and he was authorized to determine whether money or property coming into his hands was to be treated "as part of the principal of the trust estate or a part of the income therefrom". It was further provided:

"10. After paying the expenses incident to the administration of the trust estate as hereinabove provided, out of the remaining income and revenue the trustee (but not any successor trustee as hereinafter provided for), if he sees fit to do so, shall have the right and authority to pay to the beneficiaries of this trust an allowance in such amount as he may deem desirable or necessary, with the power in his discretion from time to time to increase or decrease the said allowance whenever he deems it to the best interest of said beneficiaries to have such allowance increased or decreased, and shall have the right in his discretion to determine and fix the amount of allowance to each of said beneficiaries, but nothing herein contained shall be construed to make it obligatory or mandatory on the trustee to pay any income or allowance to said beneficiaries, or any of them, prior to the death

of the said Louis Phillips or the expiration of ten years from the date hereof, whichever event shall first occur. Any income not distributed shall be added to the principal of the trust estate.

\* \* \* \* \*

"12. The trust created hereunder shall continue until after the expiration of seven (7) years from the date of the death of the undersigned, Louis Phillips. Upon the termination of the trust, the then existing trustees shall apportion the said trust estate into the following number of shares, and transfer and pay over said trust estate, free from trust, as follows: [Beneficiaries and their respective shares are listed, and provision is made for payment to descendants in the event any of the beneficiaries are not living at the time of the termination of the trust.] \* \* \*

"13. After the death of the undersigned, Louis Phillips, or the expiration of ten (10) years from the date hereof, whichever event shall first occur, and until the termination of said trust, the trustee or successor trustees shall transfer and pay over the net income from said trust estate to said sister, Hannah P. Marks, said brother, Sam Phillips, the descendants of said deceased brother, Fullop Bernat, and the descendants of said deceased sister, Lena P. Hirsch, hereinabove named, and the descendants \* \* \*."

█ It is readily seen from the above-quoted provisions of the trust instrument that the trustee, if he saw fit to do so, might accumulate any part or all of the income of the trust and hold it for future distribution, or he might distribute any or all of the income "and fix the amount of allowance to each of said beneficiaries." Section 10 makes it clear that prior to the death of the trustor or the expiration of ten years from the date of the trust, "whichever event shall first occur", the beneficiaries could not receive any income or allowance from the trust except at the sole discretion of the trustee. To say the least, the beneficiaries' right to absolute enjoyment of the income from the trust was postponed to the happening of a future event—the death of the trustor or the lapse of ten years. The donor's gifts fall within the definition of "future interests" contained in Treasury Regulations 79, 1933 and 1936 Edition, which declared that "future interests" under § 504(b) include any estate "whether vested or contingent, limited to commence in use, possession, or enjoyment at some

future date or time." This regulation was considered and approved in the Pelzer and Ryerson cases, supra. We are of opinion that the gifts made by Phillips were gifts of "future interests", and that the taxpayer is not entitled to any exclusion under § 504(b). Welch v. Paine, 1 Cir., 120 F.2d 141; Helvering v. Blair, 2 Cir., 121 F.2d 945; Commissioner v. Taylor, 3 Cir., 122 F.2d 714; Commissioner v. Brandegee, 1 Cir., 123 F.2d 58.

Respondents contend, however, that even if the gifts be considered gifts of future interests, remand to the Board of Tax Appeals would result in injustice for the reason that there was no contest of the Commissioner's valuation of the trust estate. It is claimed that the estate was valued too high, and it is requested that in the event of remand to the Board the taxpayer be allowed to reopen the question of value and introduce evidence to prove the correct value of the trust estate. Under the peculiar circumstances of the case this request is granted.

The case is remanded to the Board of Tax Appeals with directions to reopen the case and allow introduction of evidence as to the value of the gifts. The Commissioner will be allowed to assert the proper deficiency, and after determination of the value of the gifts, the Board will redetermine and recompute respondents' gift tax liability, disallowing all exclusions under § 504 (b) in conformity with this opinion.

Remanded with directions.