## SMITH v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12322.

Circuit Court of Appeals, Eighth Circuit.
Oct. 29, 1942.

Rehearing Denied Dec. 23, 1942.

WOODROUGH, Circuit Judge, dissenting.

Elmer B. Hodges, of Kansas City, Mo. (Albert F. Hillix and Gage, Hillix, Hodges & Cowherd, all of Kansas City, Mo., on the brief), for petitioner.

Bernard Chertcoff, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and J. Louis Mon-

arch, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before GARDNER, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is a petition for review of a decision of the United States Board of Tax Appeals, the single question presented being whether certain transfers in trust made by the petitioner for the benefit of her four minor grandchildren were gifts of present or future interests under § 504(b) of the Revenue Act of 1932, 47 Stat. 247, 26 U. S.C.A. Int.Rev.Acts page 585. The petitioner contends that in computing her 1937 gift tax, she is entitled under the Act mentioned to a $5,000 exclusion as to the gift to each of the four beneficiaries of two trusts created by her on April 14, 1937. The Board of Tax Appeals, four members dissenting, held that the gifts to the beneficiaries were gifts of future interests.

By one of the trust indentures the petitioner transferred to her son, as trustee, property of the value of $9,800, naming the petitioner's two grandchildren, one aged nineteen and the other sixteen years, as beneficiaries. By another, the petitioner transferred property of the value of $10,-000 to her daughter, as trustee, the beneficiaries being two other grandchildren, one aged nineteen and one sixteen years. The trust instruments are identical, the relevant provisions of each being as follows:

"First: The Trustee shall have full power and authority to collect, receive, and receipt for any and all income that may be derived from any investment or reinvestment, or from any part of the Trust Estate, shall be held, divided and distributed, as follows:

"(a) The Trustee shall hold said Estate in trust for, and to the use of Deborah Coates Smith and Neil Smith, Jr., daughter and son of J. Neil Smith, in equal, undivided portions, during their lifetime, or for the duration of this trust.

"(b) The said Trustee shall be and is empowered and directed, in his sole discretion, to use the principal and income from said Estate for the purpose of the education and preparation of said beneficiaries to attain and occupy an advantageous and desirable position in life.

"(c) In case of the death of either of said beneficiaries, then the survivor shall be the beneficiary of the entire remaining portion of the said Estate.

"(d) In case of the death of both of said beneficiaries, then said remaining Estate shall be paid to J. Neil Smith.

"(e) When said beneficiaries shall reach the age of twenty-four (24) years, said beneficiaries shall be entitled to his or her undivided portion of the Estate then in the hands of the said Trustee, and the said Trustee is hereby authorized and directed to convey said interest to said beneficiary entitled thereto."

\* \* \* \* \* \*

"Sixth: The Trustee is authorized and directed to expend any or all of the principal sum of said Estate, as in his judgment and discretion may be found necessary, for the personal care and maintenance of said beneficiaries herein, and is authorized to provide, furnish and pay for any or all professional or medical services or attendants, during any illness of beneficiaries."

The remaining provisions of the trust instruments concern the powers of the trustees in the administration of their trusts, giving them broad discretion in the management of the trust estates. A spendthrift provision was included in each instrument, the whole title to the trust property was vested absolutely in the trustees, but the right of the beneficiaries to enforce, by a resort to equity, the due performance of the obligations imposed upon the trustees was preserved. The trustees were authorized to pay either principal or income "either direct to a minor beneficiary or to his natural guardian without requiring qualification according to law".

Article 11 of U.S.Treas.Reg. 79, made pursuant to the Act of Congress controlling here, defines a future interest as any estate "limited to commence in use, possession, or enjoyment at some future date or time". In United States v. Pelzer, 312 U. S. 399, 61 S.Ct. 659, 661, 85 L.Ed. 913, the Supreme Court held that the quoted regulation was "within the competence of the Treasury in interpreting § 504(b)," (Revenue Act of 1932) and approved the definition expressed in it. The precise question before us, therefore, is whether the beneficiaries under the trust indentures in question were entitled to the present use and enjoyment of the income or principal of the trust estates. United States v. Pelzer, supra; Helvering v. Hutchings, 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909; Ryerson v.

United States, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917.

We have no doubt that the beneficiaries here received a present and not a future interest in their respective shares of the trust estates, and that the petitioner was entitled to the exclusions claimed. It is elementary in the construction of a trust indenture that the intention of the settlor must be ascertained from the whole instrument, and in a case of apparent conflict between provisions, the dominant and controlling purpose of the settlor must govern. The dominant and controlling purpose here was clearly the education of the minor beneficiaries and their preparation to attain and occupy an advantageous and desirable position in life.

Two of the beneficiaries were nineteen years of age and two were sixteen. The settlor was primarily concerned with their education and preparation for a desirable position in life. This is indicated by the fact that the direction to educate and prepare for life is set out in the first part of the instrument which deals with the purposes of the trust, while the authority in the trustees to maintain and support the beneficiaries appears in that part of the trust instrument which deals with the powers of the trustee in the execution of the dominant purpose of the settlor. In common practice and experience the education and preparation for life of minors in the situation in which we must infer these were from the fact that the trust in consideration was created is usually in progress at the ages of the minors here and its uninterrupted continuation is necessary. At the ages in question the financial outlay necessary to education and preparation for life increases. In this respect the preparation for attaining their position in life through education may be said to begin at the ages of the minors in question, and ordinarily to end at the age at which, by the provisions of the trust instrument, the trust was to terminate. The process does not ordinarily begin at age twenty-four.

Moreover the sums transferred to the use of the beneficiaries were not in amount more than required for their education. The direction to the trustees "to hold said estate in trust", for the beneficiaries "during their lifetime, or for the duration of this trust," refers to the power of the trustees and not to the purpose of the trusts. Especially is this true in view of the mandatory character of the language in paragraph (b) of Article First, in which the trustee is "empowered and directed * * * to use the principal and income from said estate for the purpose of the education and preparation of said beneficiaries to attain and occupy an advantageous and desirable position in life." Nor may the language contained in paragraph (b), by which the trustee was given discretion in carrying out the purpose of the trust as expressed, be given the controlling effect attributed to it by the Board of Tax Appeals. The Board found in the words "in his sole discretion" the power lodged in the trustee to obey the mandate of the settlor contained in paragraph (b) or to ignore it. But such an interpretation is tantamount to holding that the trustee might carry out the settlor's directions or ignore them, in accordance with his notion of the proprieties or at his discretion determine whether or not the beneficiaries were fit subjects for education and preparation for desirable positions in life. We think such a conclusion does violence not only to the language of the trust instrument, but to the clear purpose and intent of the settlor. Haynes et al. v. Carr, 70 N.H. 463, 49 A. 638, 639. The discretion vested in the trustee was merely as to the means of executing the command of the settlor. It did not give the trustee authority to set aside the express purpose of the trust.

In support of the decision of the Board of Tax Appeals, the respondent relies on United States v. Pelzer, supra; Commissioner v. Gardner, 7 Cir., 127 F.2d 929; Commissioner v. Phillips' Estate, 5 Cir., 126 F.2d 851; Commissioner v. Brandegee, 1 Cir., 123 F.2d 58; Commissioner v. Taylor, 3 Cir., 122 F.2d 714; Helvering v. Blair, 2 Cir., 121 F.2d 945; Welch v. Paine, 1 Cir., 120 F.2d 141; asserting that in each it was held "that where the time of use by the beneficiaries of the property (transferred in trust) is subject to the discretion of a third person, the interests are future within the meaning of the statute".

It is true that in each of the cases mentioned the court held that in cases of gifts in trust, in which the beneficiaries' right to use and enjoyment of the gifts was limited to the happening of some future event, the gift was one of a future and not of a present interest, a conclusion with which all must agree. But assuming that the broad interpretation placed upon these opinions by the respondent is correct, they are, nevertheless, clearly distinguishable on the facts from the case before us.

In United States v. Pelzer, supra, the trustee was commanded to accumulate for ten years before making any payments to the use of the beneficiaries, and the beneficiaries were limited to those who survived the accumulation period. In Commissioner v. Gardner, supra, which more nearly than any other case cited approximates the situation in the present case, the trustee was not, as here, empowered and directed to devote both principal and income of the trust estate to the education and preparation for life of the beneficiaries, but only to use such part of the income as the trustee "may deem necessary" [127 F.2d 930] for maintenance, support, and education after consultation with the parents of the minor beneficiaries. The evident purpose of the grantor in the Gardner case was to confer upon the trustee a power of maintenance which he might or might not exercise after investigation of the age and needs of the beneficiaries. In Welch v. Paine, supra, the primary purpose of the trust was the accumulation of income, and the beneficiaries were the survivors of the accumulation period. The trustee was permitted, not directed, to advance, not pay over to the beneficiaries, such portion of the income as in his absolute discretion should appear wise. A direction to accumulate income, accompanied by a proviso that the trustee may devote a portion to the use of the beneficiaries during the accumulating period, differs in controlling essentials from a direction to pay over to the trustees in a trust instrument in which the purpose of accumulation is no where expressed. In Commissioner v. Taylor, supra, the gifts were in trust for the benefit of the beneficiaries, with remainders over, until the beneficiaries should reach the age of twenty-one years unless, in the discretion of the trustee, income should be needed for the support of the minors, the court holding (one judge dissenting) the gifts to be of future interests. In Helvering v. Blair, supra, the trustees were authorized to apportion income among the several beneficiaries as they saw fit and from time to time change the respective portions allotted, making impossible the computation of the value of the share of any beneficiary with respect to present use and enjoyment. The court held that this power and its exercise by the trustees was a primary purpose of the trust. In Commissioner v. Brandegee, supra, the right in the beneficiary to enjoy the income was conditioned both on a discharge of certain mortgages upon the trust property and the survivorship of the named beneficiaries until the mortgages had been paid. The court held on the evidence before it that the gifts were not of present interests, but remanded the case for the determination of whether the mortgages in consideration were unpaid, holding this fact determinative of the character of the interests given. In Commissioner v. Phillips' Estate, supra, an accumulation period was provided and the trustee was given the discretion to pay income to the beneficiaries in such amount as the trustee determined, and to change from time to time the apportionment among the beneficiaries, but the trust instrument expressly provided that nothing in it should make such a payment mandatory or obligatory on the trustee.

The cases under discussion support our decision here, that a gift in trust is a gift of a present interest where the beneficiary receives the right to the immediate enjoyment or use of either the income or principal of the trust fund, but they are not otherwise controlling. Not only is there no specific provision in the trust instrument before us for accumulation or postponement, but the dominant purpose of the settlor, as gathered from the whole instrument, repels the idea of either. The decision in each case of the character here, as pointed out in Commissioner v. Kempner, 5 Cir., 126 F.2d 853, 854, "because of the many and varied ways in which gifts in trust may be made and carried out", must rest upon its own peculiar facts.

Nor do we find anything in the provisions of Article Second of the trust instrument, discussed in some detail in the majority opinion of the Board of Tax Appeals, which in any way conflicts with the views above expressed. These provisions, like the direction to the trustees to pay over to the beneficiaries any funds remaining on hand as the respective beneficiaries attained the age of twenty-four years, do not reach the purpose of the settlor, but were intended primarily for the protection of the trustees and the beneficiaries in the execution of the settlor's commands. They were included in the trust instrument in order to prevent the possibility of some question arising to embarrass the trustee in the discharge of the duties assumed and which, to that extent, might delay the execution of the command to educate the beneficiaries and prepare them for a desirable position in life.

The decision of the Board of Tax Appeals is reversed and the case is remanded for judgment.

WOODROUGH, Circuit Judge (dissenting).

I stated my understanding of the true intendment of the exemption provision of the gift tax statute with diffidence in Rheinstrom v. Commissioner, 8 Cir., 105 F.2d 642, 124 A.L.R. 861, and as I read the subsequent decisions of the Supreme Court in that and the companion cases, I am firmly persuaded that the gifts in this case were not exempt, and the decision of the Board of Tax Appeals herein should be affirmed.