### FRENCH v. COMMISSIONER OF INTERNAL REVENUE.
#### No. 12582.

Circuit Court of Appeals, Eighth Circuit.
Oct. 14, 1943.

Temple W. Seay, of Washington, D. C. (Phil D. Morelock, of Washington, D. C., on the brief), for petitioner.

F. E. Youngman, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, A. F. Prescott, and S. Dee Hanson, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SANBORN and RIDDICK, Circuit Judges, and LEMLEY, District Judge.

RIDDICK, Circuit Judge.

This petition to review a decision of the United States Board of Tax Appeals (now the Tax Court of the United States) presents the question whether certain transfers in trust were gifts of present interests in property for which in the computation of his gift tax the taxpayer was entitled to exclusions of $5,000 each, or were gifts of future interests for which no exclusions were allowable within the meaning of section 504(b) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 585. The Board of Tax Appeals approved the determination of the Commissioner that each of the transfers was a gift of a future interest, and the exclusions claimed by the taxpayer were denied.

Five separate transfers of property were made by the taxpayer in the year 1938 to five trusts, known as Trusts N, O, P, Q, and J. Trusts N, O, P, and Q were created by the taxpayer in 1938, and the taxpayer concedes that the transfers of certain securities to these trusts were transfers of future interests in property, but he contends that the income from the trusts constituted gifts of present interests to the respective beneficiaries, and that, in respect to such income, he is entitled to the exclusions claimed. Trusts N and O were each created for "the benefit, support and education of" a named minor daughter, one of whom was seven, and the other, ten years of age at the time the trusts were created and the transfers made. Trust P was created for "the benefit and support" of taxpayer's wife. Trust Q was created for the benefit of the taxpayer's descendants per stirpes, the two minor daughters to take until such time as there might be in existence a child born after the date of the trust.

In each of the trusts N, O, P, and Q, the net income is to be computed as follows: "From the gross income derived from the trust, realized capital gains and taxes and other proper expenses incurred in executing, maintaining and preserving said trust, including a reasonable sum for the trustee's own compensation, shall be deducted; and the income remaining shall be known as the net income."

Distribution of net income in each of the trusts was provided for as follows:

"Trusts N and O.

"So long as a child of mine, who is under legal disability, is an income beneficiary hereunder, the trustee may in its discretion disburse or accumulate all or any part of the net income; but otherwise, and in any event after the disability shall have been removed, the trustee shall in each accounting and distribution year distribute to the person or persons then bene-

256

ficiary or beneficiaries as defined by Section III, until January 1, 1955, not less than one-fourth and not more than all of the net income and thereafter not less than one-half and not more than all of the net income, the amount so distributed being herein termed the distribution income; the amount of income withheld from distribution being herein termed the reserved income, which may be accumulated from year to year; * * * In the Trustee's discretion, the trustee may make distributions of income as and when received or at convenient intervals thereafter or may estimate the income to be available as distribution income during the current accounting and distribution year and make monthly or other periodic distributions, borrowing temporarily from the reserved income, if necessary, to make some of such payments.

"Trust P.

" * * * Until the first day of January, 1948 the trustee may in its discretion disburse or accumulate all or any part of the net income but thereafter the trustee shall in each accounting and distribution year distribute to the person or persons then beneficiary or beneficiaries as defined by Section III, not less than one-half and not more than all of the net income * * *. In the trustee's discretion, the trustee may make distributions of income as and when received or at convenient intervals thereafter or may estimate the income to be available as distribution income during the current accounting and distribution year and make monthly or other periodic distributions, borrowing temporarily from the reserved income, if necessary, to make some of such payments.

"Trust Q.

"The trustee may accumulate all or any part of the net income or may distribute all or any part of the currently accruing net income and accumulated net income for or to the beneficiaries (ascertained as herein provided) proportionately as they would take the principal if the trust were terminated at the moment of income distribution. Disbursements shall be to or for Class 1 beneficiaries [the named minor daughters] unless at any time a Class 2 beneficiary [child of one of the daughters] is, or Class 2 beneficiaries are, in being, in which event Class 1 beneficiaries shall be excluded from income benefits, and such disbursements shall be to or for such Class 2 beneficiary or beneficiaries."

Trust J was created by the taxpayer on June 6, 1932, one-half for the benefit of his wife or surviving widow, and one-half for the benefit of his descendants per capita. The trustee in Trust J was a sister of the taxpayer, and the corpus of the trust was taxpayer's promissory note payable on demand to the trustee or to her order in the sum of $100,000, with interest at the rate of five per cent per annum payable semiannually. On December 30, 1938, the taxpayer "transferred the sum of $5,-000 to the trustee of Trust J." The net income of Trust J is defined and is to be distributed as follows: "From the gross income derived from the trust, realized capital gains and taxes and other proper expenses incurred in executing, maintaining and preserving said trust, including a reasonable sum for the trustee's own compensation, shall be deducted; and the income remaining shall be known as the net income. So long as a child of mine, who is under legal disability, is an income beneficiary hereunder, the trustee may in its discretion disburse or accumulate all or any part of the. net income; but otherwise, and in any event after the disability shall have been removed, the trustee shall in each accounting and distribution year distribute to the person or persons then beneficiary or beneficiaries as defined by Section III, not less than six-tenths and not more than all of the net income and the amount so distributed being herein termed the distribution income; the amount of income withheld from distribution being herein termed the reserved income, which may be accumulated from year to year; provided that the trustee shall not be required to transfer income withheld from the income account to the reserved income account until the end of the current accounting and distribution year and a reasonable interval thereafter. The trustee may fix the calendar year as the period for accounting and making distributions, or, in his discretion, may fix a year beginning on any other date than January 1st, and may change the accounting and distribution year from time to time. In the trustee's discretion, the trustee may make distributions of income as and when received or at convenient intervals thereafter or may estimate the income to be available as distribution income during the current accounting and distribution year and make monthly or other periodic distributions, borrowing temporarily from the

reserved income, if necessary, to make some of such payments."

The Board decided that the transfers in Trusts N, O, P, and Q constituted gifts of future interests in property and that no exclusions were allowable. It also held that the $5,000 transferred in 1938 to Trust J was not the payment of an obligation, as claimed by the taxpayer, but was a gift of a future interest in property, taxable as such without the allowance of the exclusion claimed.

 In 1938 when Trusts N, O, P, and Q were created and when the transfer of $5,000 was made to Trust J, the applicable revenue act allowed a taxpayer to exclude the first $5,000 of a transfer made as a gift to any one person in each year, unless the gift was of a future interest in property. Section 504(b), Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 585. It is settled beyond question that gifts are of future interest in property, within the meaning of the statute, where the donees, in this case the beneficiaries of the respective trusts, receive no right to the present enjoyment, use or possession either of the corpus of the gift or of the income from it. In determining whether a transfer of property is a gift of a present or future interest in the property transferred, local law is without application. A future interest within the meaning of the revenue act in question includes any interest or estate "whether vested or contingent * * * limited to commence in use, possession, or enjoyment at some future date or time." Treasury Regulations 79 (1936 Edition), Article 11. Unless the donee is entitled unconditionally to the present use, possession, or enjoyment of the property transferred, the gift is one of a future interest for which no exclusion is allowable under the statute. The decisions of the Supreme Court of the United States in United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913, and Ryerson v. United States, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917, leave no room for argument to the contrary. And see Commissioner v. Wells, 6 Cir., 132 F.2d 405; Welch v. Paine, 1 Cir., 120 F.2d 141; Fisher v. Commissioner, 9 Cir., 132 F.2d 383; Smith v. Commissioner, 8 Cir., 131 F.2d 254; and Commissioner v. Lowden, 7 Cir., 131 F.2d 127.

 It is conceded that transfers of the corpus to each of the Trusts N, O, P, and Q are gifts of future interests, and we think this is true of the income of these trusts. In none of the trusts were the beneficiaries given the present absolute right to enjoyment of the trust income. In Trusts N and O, in which the minor daughters of the taxpayer were the beneficiaries, the trustee was authorized in its discretion to disburse or accumulate all or any part of the net income during the legal disability of the beneficiaries, who were at the time of the creation of the trusts aged, respectively, seven and ten years. In Trust P for the benefit of taxpayer's wife, the trustee was given the authority in its discretion to distribute or accumulate income during the first ten years of the trust; and in Trust Q the trustee was authorized to distribute or accumulate within its discretion all of the net income without limitation as to time, or until the termination of the trust, twenty-one years after the death of the last survivor of taxpayer's wife and daughters. It follows that in neither of these trusts have the beneficiaries acquired the unconditional right to the present possession and enjoyment of the income from the trust. The right to receive income was dependent upon the exercise of discretion by the trustee, and, so far as receipt of income by any of the beneficiaries was concerned, was postponed until the happening of a future event which may or may not have occurred within the lifetime of any of the beneficiaries. The gifts were clearly gifts of future interests.

 The taxpayer, conceding the power in the various trustees to accumulate trust income, as he is compelled to do by the plain terms of the trust instrument, contends, nevertheless, that the beneficiaries under the trusts acquired a present interest in the income of the trusts, because the discretion vested in the trustees to distribute or accumulate income is subject to the control of a court of equity, which may, in proper cases, require the trustees to pay over to the beneficiaries. But conceding that the discretion of the trustee is subject to this control by a court of equity in favor of the beneficiaries, the power of the court in this respect can not be exercised until the occasion for its exercise arises. The right of the beneficiaries to require distribution is still dependent upon a contingency, the happening of future events, which may never occur, and the power of the court and the right of the beneficiaries can not come into existence until those events occur.

Moreover, there is nothing in this record to indicate, much less to show, that at the time of the transfers in question the need of the beneficiaries for the use of the income of the trusts for the purpose for which the trusts were created was a present need of the character to permit the intervention of a court of equity to control the trustee's discretion.

Nor do the cases of Smith v. Commissioner, Fisher v. Commissioner, or Commissioner v. Lowden, supra, support the taxpayer's argument. All of these decisions were based upon the holding that the beneficiaries under the terms of the trusts in those cases were entitled to immediate use and enjoyment of the income of the trust property. In none of the trust instruments involved in the cases mentioned was there a provision as there is here permitting the trustee in his discretion to pay over or accumulate income.

With respect to Trust J, the taxpayer apparently claimed before the Commissioner and the Board that the $5,000 transferred to that trust in 1938 was not a gift, but constituted payment of an obligation of the taxpayer, namely, the payment of interest on his demand note of $100,000 which constituted the corpus of that trust. The stipulation of facts in the case does not directly support this contention, reciting merely that in the year in question the taxpayer transferred $5,000 to Trust J.

The Board decided and we think correctly that the taxpayer's promissory note payable to the trustee in Trust J was given without consideration and was not, in the hands of the trustee, an obligation of the taxpayer enforceable against the taxpayer or his estate. This is the rule in Iowa where the taxpayer resided and where the note was made and delivered. Meginnes v. McChesney, 179 Iowa 563, 571, 160 N. W. 50, L.R.A.1917E, 1060; and see Johnson v. Commissioner, 2 Cir., 86 F.2d 710, 713; and Gilman v. Commissioner, 8 Cir., 53 F.2d 47, 80 A.L.R. 209. Since the taxpayer's note was not a valid obligation, the payment of the $5,000 to the trustee as interest upon the note can not be considered the payment of an obligation. It follows that this transfer was a gift of property to the beneficiaries of Trust J. It is unnecessary to consider whether it should be treated as an addition to principal of the trust estate or as income. It was in either event a gift of a future interest in property, because in neither case did the beneficiaries acquire any right to its immediate enjoyment or possession, the trustee having discretion to distribute or accumulate income.

The decision of the Board of Tax Appeals is affirmed.