FONDREN et al. v. COMMISSIONER OF INTERNAL REVENUE.

No. 10829.

Circuit Court of Appeals, Fifth Circuit.

March 3, 1944.

W. M. Cleaves, of Houston, Tex., for petitioners.

Robert Koerner, Sewall Key, and Melva M. Graney, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Ralph F. Staubly, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

The appeal involves gift taxes for the calendar year 1937, and .is taken in two cases which by agreement were consolidated and tried together.

Question: Are gifts of stock in augmentation of seven irrevocable trusts, gifts of future interests to which $5,000 exclusions as to each are allowable under Section 504(b) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 585?

Pertinent facts: During 1935, 1936 and 1937 taxpayer and her husband executed a separate trust instrument in favor of each of seven grandchildren, each being below the age of six years at the time the trust was created. On December 2, 1937 taxpayer and her husband each made a gift to each trust of 100 shares of Humble Oil & Refining Company stock of the value of $59.75 a share, the fair market value of each of the 100 share gifts being $5,975.

On their gift tax returns for 1937 taxpayer and her husband each claimed the statutory exclusion of $5,000 for each of their seven gifts, reported a taxable gift for each trust of $975, and paid gift taxes on this basis.

The trust instruments were substantially the same, the principal variation being with respect to the successor beneficiaries in the event of the death of either of the principal beneficiaries. All the beneficiaries were living when this proceeding was heard. The trusts were absolute and irrevocable, with no interest in the estate retained by the grantors. The grantors reserved the right to remove any active trustee except W. W. Fondren, and to name a successor trustee with the same rights, powers and authorities as the first trustee, a right which was also reserved to the survivor of the grantors. Each trust instrument provided that taxpayer and her husband might transfer, assign and deliver additional property to the trustee for the benefit of the beneficiary.

The stated purpose in creating each trust was to provide for the personal comfort, support, maintenance and welfare of each grandchild. The trust was to continue until each grandchild attained the age of 35, but twenty-five per cent of the corpus and accumulations, if any, were to be delivered to the grandchild when he or she attained the age of 25; thirty-three and one-third per cent (33⅓%) when he or she attained the age of 30; and the remainder when he or she attained the age of 35. If the beneficiary died leaving issue before termination of the trust, the estate was to be held and administered for the benefit of the issue and delivered when the youngest of such issue attained the age of 21. If the beneficiary died without issue before termination of the trust, successor beneficiaries were provided for by the trust instruments. The trust funds were not to be liable for obligations of the beneficiary. A beneficiary could not anticipate his or her interest in the trust fund created, and such funds could not be reached by judgment creditors or others having claims against the beneficiary. The trustee was given full power and authority with respect to the management and control of trust funds. He could sell, mortgage, or pledge any or all of the trust funds, and could institute or defend suits or legal proceedings necessary in his judgment for the protection or enforcement of the interest of the trust estate. This power was to be in no wise diminished during the life of the trust.

W. W. Fondren was named trustee of each trust instrument. He died on January 5, 1939, and taxpayer, Ella F. Fondren, his wife, succeeded to the trusteeship.

At all times subsequent to the creation of the trust, the parents of the named beneficiaries have adequately and sufficiently provided for the support, maintenance and education of the children named in the trust. As a result, no part of the trust income or corpus has been distributed, used or applied for the benefit, support, maintenance or education of any one of the beneficiaries of the seven trusts.

The Tax Court found that the gifts of stock made by taxpayer and her husband in 1937 to the trust estates were gifts of future interests as to which exclusions were not allowable in determining their gift tax liability for that year. The cases as consolidated are before us for review.

Decision must turn on that part of Article 3 of the trust instruments, which is as follows:

"Out of the trust estate hereby created and as the same may hereafter be augmented and increased by gift from the Grantors, or either of them as herein provided for, or from any other source whatsoever, the Trustee shall provide for the support, maintenance and education of our said Grandson, using only the income of said estate for the purpose if it be sufficient. If it be necessary to use any of the corpus of the estate for that purpose and in the judgment of the Trustee it is best to do so, said Trustee may make advancements out of the corpus of said trust estate for such purpose for the benefit of our said Grandson. It is contemplated, however, that our said Grandson will have other adequate and sufficient means of support, and that it will not be necessary to use either the income or the corpus of the trust estate hereby created to properly provide for his education, maintenance and support; and, if the income from the trust estate be not needed for these purposes, then all of the income from said trust estate not so needed shall be by the Trustee passed to capital account of said trust estate, and shall be and become a part of said trust estate, it being our hope that all of the earnings and income of said trust estate during the period of this trust may be used to augment the trust estate and be delivered to our said Grandson at the periods herein provided for. It is expressly provided, however, that our Grandson shall be properly maintained, educated and supported, and if it be necessary to use all of the income and even all of the corpus of the trust estate hereby created and all augmentations thereof, it shall be the duty of the Trustee to see that this obligation shall be properly and reasonably discharged. * * *"

Treasury Regulations 79 (1939 Ed.) Article 11, defines future interests and has been quoted with approval by our court of last resort: " 'Future interests' is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time * * *."

So that, we find the answer to our question: When Article 3 of the trust instru-

ment is measured by decision it becomes patent that the trust gifts here in question were gifts of future interests and the seven exclusions in question are clearly not allowable. United States v. Pelzer, 312 U. S. 399, 61 S.Ct. 659, 85 L.Ed. 913; Ryerson v. United States, 312 U.S. 405, 61 S. Ct. 656, 85 L.Ed. 917; Fisher v. Commissioner of Internal Revenue, 9 Cir., 132 F. 2d 383; Commissioner of Internal Revenue v. Wells, 6 Cir., 132 F.2d 405; Sensenbrenner v. Commissioner of Internal Revenue, 7 Cir., 134 F.2d 883; Commissioner of Internal Revenue v. Phillips' Estate, 5 Cir., 126 F.2d 851.

The decision of the Tax Court is affirmed.

WALLER, Circuit Judge (dissenting).

The trusts here were irrevocable. There was no defeasance, reversion, nor was any benefit retained in the donors. This was expressly stated in Article 6 of the trust indenture.

The grandchildren were all of tender years when the trust was created, the oldest one being less than six at the time the trust was created, and the ages of several being counted in months rather than in years.

These grandchildren were given the fullest "use, possession, and enjoyment" that was possible sensibly to confer upon children of such tender age. If the reasoning of the respondent and the Tax Court is correct, then there could never be a substantial gift to a baby except a gift of a future interest, for always is it necessary for some person sui juris to handle, manage, conserve, and utilize the property of a child of tender years until he is old enough to manage it himself.

Whether or not a substantial gift of money, or its ready equivalent, is a gift of a future interest should be determined by the time and finality of its vesting rather than the time and manner of its spending.

Viewed in the light of the definition in the Treasury regulations that an interest or estate which is to commence in "use, possession, or enjoyment at some future date and time" is a future interest, we find that the beneficiaries of the trust here, being children of tender years, are possessed of the highest and best use and enjoyment possible to confer upon such young children. To donate and deliver shares of stock to a babe in the cradle, with no direction, custody, or management, would be the height of folly. Valuable shares of stock are not given to babes in cradles to chew up or use as a substitute for a pacifier. But here the corpus is being managed and preserved, and the income is being collected and safeguarded by trustees vitally interested in the welfare of the cestuis que trust. Both the income and the corpus are irrevocably dedicated to the support, maintenance, and welfare of these children—the object of the trust. The gift stands between them and adversity —a present protection against future financial hazards in time of storm". It is submitted that the irrevocable vesting of such rights in property is a "present use", a "present enjoyment", of such property; that one who has the right to spend the issues, rents, and profits from an estate, or to have same spent for his benefit, has both the present use and present enjoyment of such an estate. If an adult donee of such a gift saw fit to leave the corpus of the gift intact and to accumulate the income for himself at a future date, this would not convert a present gift into a future interest, nor would such a handling of a minor's estate by one in loco parentis, operating either pursuant to statute or pursuant to the solemn obligations of trusteeship, convert a present and irrevocable gift into a future interest.

The cases cited in support of the majority opinion are dissimilar and undecisive of the issues here. Some of the distinguishing features of the cited cases will be pointed out:

United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913—No beneficiary could receive any benefit from the trust before the end of ten years or before he was twenty-one, whichever occurred last, and then only if he survived. It was a trust for the benefit of eight grandchildren with provision for any after-born grandchildren.

Ryerson v. United States, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917—The trust was terminable by the joint action of two trustees or by the death or mental incapacity of either of the trustees. The trust had numerous other conditions not present here.

Fisher v. Commissioner, 9 Cir., 132 F. 2d 383—The distribution in this case was to the grandchildren who were twenty-one

years of age or to the parents of any under twenty-one for the use and benefit of the parents. One-sixth of the corpus was to be distributed to each grandchild upon attaining the age of twenty-five years or to his issue if the said grandchild was not living, or, in case of death without issue, to the surviving grandchildren and to the children of the grandchildren that were deceased.

Commissioner of Internal Revenue v. Wells, 6 Cir., 132 F.2d 405—The amount of income and principal to be distributed to the beneficiary was left entirely in the discretion of the trustee.

Sensenbrenner v. Commissioner, 7 Cir., 134 F.2d 883—The income was to be paid to the donor or to another party to be designated by the donor to be used by such distributee for the support, maintenance, and education of the grandchild in such manner as the distributee in his sole discretion deemed best. Thus, the trustee was not only not required to expend the income for the beneficiary but could not even compel the distributee so to do.

Commissioner v. Phillips' Estate, 5 Cir., 126 F.2d 851—The trust agreement provided that it should not be obligatory or mandatory on the trustee to pay any income or allowance to said beneficiaries prior to the death of the donor or prior to the expiration of ten years from the date of trust agreement. Of course, this was a gift of a future interest from which no use or enjoyment might ever come to any beneficiary.

It is conceded, however, that there are decisions supporting the majority view, but it is submitted that these decisions were in cases dissimilar from the present, or where the Court failed to take into consideration the fact that the "use and enjoyment" can only mean such use and enjoyment as the donee is at the time capable of exercising, thereby rendering it necessary for the intervention of a third party or trustee to hold, use, and possess for such donee, which in law is use and possession for and by the donee in praesenti and not in futuro.

In the present case the trustees were to use both the income and the corpus for the best interest of the beneficiaries, it being hoped it would not be necessary to spend the child's estate. The trustee was expected to do no more than would a guardian have been expected to do. The child's welfare was the summum bonum of the trust.

The vesting of a gift can be made dependent upon the discretion of a trustee if the language of the trust instrument leaves the matter to the sole discretion of the trustee, but in the present trust instrument the test is the need, comfort, and welfare of the beneficiary. The discretion of the trustee is far from absolute. The trustee here could not withhold support from one of his necessitous cestuis que trust, without plainly violating his trust, and this equity would prevent.

The fact that death might intervene before the cestui que trust comes into full possession of the entire gift does not make the entire gift one of future interest, and the statute does not make provision for a pro tanto tax. A present gift to a trustee for the use of another is a present gift to that other, and a donor does not have to abolish death in order to make a managed gift to an infant.

I hesitate to ascribe to Congress the absurd design to tax a gift to a babe in arms because his estate must be managed by someone sui juris, exercising the powers of a guardian or parent, while a gift to an adult, requiring no managing third party, is tax free. Congress likes adult voters, but surely not that well.