## UNITED STATES v. KNELL.
### No. 8622.

Circuit Court of Appeals, Seventh Circuit.

May 11, 1945.

J. Albert Woll, U. S. Atty., of Chicago, Ill., Samuel O. Clark, Jr., Sewall Key, and John F. Costelloe, Asst. Attys. Gen., and Robert N. Anderson and F. A. Michels, Sp. Assts. to Atty. Gen., for appellant.

Allin H. Pierce, Leonard S. Schmitz, Edward H. McDermott, and Wm. M. Emery, all of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

Involved herein is a demanded repayment of a refund of taxes for the year 1937, the recovery of which defendant successfully opposed in the District Court. The bases of the controversy were three gifts made by the taxpayer to his three daughters in 1937. A $5,000 annual statutory deduction was claimed by him and was first allowed but later denied by appellant who now seeks an adjudication of the validity of this claim of erroneous refunds.

Specifically, the legal question arises out of the application of the exception to the exemption permitted, in 1937, in the Federal Gift Tax Statute. 26 U.S.C.A. Int.Rev. Code, § 1003(b) (1). The exception to the $5,000 exemption arose in case the gift in trust be a "future interest."

The court held that the trusts created "present" interests and therefore taxpayer was entitled to his exemptions and judgment was entered accordingly.

The three irrevocable trusts were created by taxpayer in 1937 for his three daughters, all of whom were past eighteen years of age. Each trust was to terminate when the daughter reached thirty-five, at which time the corpus and accumulated income of the trust for her, if any, were to be paid to said child. If a daughter should die, leaving no children, the other daughters were to be alternate beneficiaries.

The trustee (who in the first instance was the settlor, and then, successively, his wife, and a corporate trustee) was to have absolute discretion[1] as to the distribution of the income or corpus. This power is thus defined by the trust instrument:

"The trustee shall hold, manage and preserve said trust estate for my daughter * * * and may from time to time *in his sole discretion* distribute or advance the net income, or such part thereof as he shall choose, to or for the use of my said daughter, and/or he may from time to time make advancements out of the principal or corpus of the trust to or for the use of my said daughter, and/or he may invest income and add the same to the corpus of said trust in his sole discretion."

In the light of the case of Fondren v. Commissioner, 324 U.S. ——, 65 S.Ct. 499, 501, after the decision in the court below, in this case, we are quite free from any doubt as to the nature of the interests created.

They were future interests and the donor was therefore entitled to no exemption in the taxation of such gifts.

In the Fondren case, the settlor contemplated, and the facts of the case supported his intent, that no income would be paid to the minor beneficiaries. Rather, the income was to be accumulated until stated ages (25, 30, and 35) at which time a third of the corpus and accumulated income were to be paid the beneficiary. But there was provision for the use of the funds in case of necessity for care and education of the child.

---

[1] Except the second successive, the corporate trustee, which was required to distribute the income.

It is the following language of the Court which controls our case.

"The sole issue is whether the gifts were of 'future interests' within the meaning of the statute and the regulation. The latter provides:

"Art. 11. ' * * * Future interests is a legal term, and includes reversions, remainders, and *other interests or estates,* whether vested or contingent, and whether or not supported by a particular interest or estate, *which are limited to commence in use, possession, or enjoyment at some future date or time.* * * *' (Emphasis added.) Upon the facts the issue turns on whether the interests acquired by the minor beneficiaries were 'limited to commence in use, possession, or enjoyment at some future date or time.' Ryerson v. United States, 312 U.S. 405, 61 S.Ct. 656, 85 L. .d. 917; United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913.

"*Under these decisions it is not enough to bring the exclusion into force that the donee has vested rights. In addition he must have the right presently to use, possess or enjoy the property.* These terms are not words of art, like 'fee' in the law of seizin, United States v. Pelzer, supra, 312 U.S. at page 403, 61 S.Ct. at page 661, 85 L.Ed. 913, but *connote the right to substantial present economic benefit. The question is of time, not when title vests, but when enjoyment begins. Whatever puts the barrier of a substantial period between the will of the beneficiary or donee now to enjoy what has been given him and that enjoyment makes the gift one of a future interest within the meaning of the regulation.*

"Accordingly, it has been held that if the income of a trust is required to be distributed periodically, as annually, but distribution of the corpus is deferred, the gift of the income is one of a present interest, that of the corpus one *in futuro.* Fisher v. Commissioner [of Internal Revenue], 9 Cir., 132 F.2d 383; Sensenbrenner v. Commissioner [of Internal Revenue], 7 Cir., 134 F.2d 883. *A fortiori, if income is to be accumulated and paid over with the corpus at a later time, the entire gift is of a future interest, although upon specified contingency some portion or all of the fund may be paid over earlier. The contingency may be the exercise of the trustee's discretion, either absolute or contingent. It may also be the need of the beneficiary, not existing when the trust or gift takes effect legally, but arising later upon anticipated though unexpected conditions, either to create a duty in the trustee to pay over or to permit him to do so in his discretion."*

The beneficiaries in the instant case did not have an absolute, present interest in the income,—it was entirely dependent upon the exercise of the discretion of the trustee. He might—but he might not—give the income to the beneficiaries, as it accrued. He might decide to let it accumulate until the child reached 35 years of age, and distribute it with the corpus. At any rate, the beneficiaries had no absolute, no unqualified *present* enjoyment of 'the gift, no right "presently to use, possess or enjoy the property." "The contingency" was in the unrestrained "exercise of the trustee's discretion."

The cases involving this exception to the gift tax exemption are many and constantly growing. They hold that such an interest, dependent upon the trustee's discretion, is a "future" interest, for which no exemption is allowed by the act.[2]

It was held in the Sensenbrenner case, supra, that the gifts of the life income were gifts of present interest. There, the life interests accrued to the beneficiaries absolutely with no discretion residing in the trustee.

The decree is reversed with direction to enter judgment for the plaintiff.

---

2 Welch v. Paine, 1 Cir., 120 F.2d 141; Id., 1 Cir., 130 F.2d 990; Commissioner of Internal Revenue v. Taylor, 3 Cir., 122 F.2d 714, 715, certiorari denied 314 U.S. 699, 62 S.Ct. 479, 86 L.Ed. 559; Commissioner of Internal Revenue v. Brandegee, 1 Cir., 123 F.2d 58; Commissioner of Internal Revenue v. Phillips' Estate, 5 Cir., 126 F.2d 851; Commissioner of Internal Revenue v. Gardner, 7 Cir., 127 F. 2d 929; Winterbotham v. Commissioner of Internal Revenue, 46 B.T.A. 972; cf. Ryerson v. United States, 312 U.S. 405, 408, 61 S.Ct. 656, 85 L.Ed. 917; Commissioner of Internal Revenue v. Glos, 7 Cir., 123 F.2d 548; Howe v. United States, 7 Cir., 142 F.2d 310; Commissioner of Internal Revenue v. Wells, 6 Cir., 132 F.2d 405; French v. Commissioner of Internal Revenue, 8 Cir., 138 F. 2d 254; Roberts v. Commissioner of Internal Revenue, 5 Cir., 143 F.2d 657; Helvering v. Blair, 2 Cir., 121 F.2d 945.