MARTHA F. MASON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92376. Promulgated March 18, 1942.

*J. Merrill Wright, Esq.*, for the petitioner.
*William A. Schmitt, Esq.*, for the respondent.

683

**OPINION.**

VAN FOSSAN: The questions for decision are (1) whether petitioner is entitled to.a charitable deduction with respect to the gift to the trust for the Allegheny General Hospital and, (2) whether various other gifts in trust which petitioner made during the taxable year were gifts of future or present interests.

The deed of trust under which the insurance policies were transferred for the benefit of the Allegheny General Hospital provided that the trust should not extend for more than ten years after payment of the policies unless the settlor's husband and two nephews or, in case of their death, an executive officer of the Union National Bank should fail within that period to terminate the trust and designate beneficiaries to whom the corpus should be paid. The interest of the charity was, therefore, subject to being defeated by exercise of a power of appointment. At the time of the gift, it was impossible to tell whether that power would ever be exercised and, if it was exercised, when this would occur. It is thus impossible to hold that the hospital would be the ultimate beneficiary. Moreover, a charitable remainder subject to such a contingency is so uncertain as to be incapable of valuation. See *Burdick* v. *Commissioner*, 117 Fed. (2d) 972; *Robbins* v. *Commissioner*, 111 Fed. (2d) 828; *Davison* v. *Commissioner*, 81 Fed. (2d) 16; *Schoenheit* v. *Lucas*, 44 Fed. (2d) 476, 492; *Humes* v. *United States*, 276 U. S. 487. Since the fact of the charitable remainder is uncertain and its value can not be ascertained, petitioner is not entitled to any deduction therefor under section 505 (a) (2) of the Revenue Act of 1932.

Petitioner contends that, if the value of the entire trust is not deductible, at least that part is deductible which represents the interest in the trust given to the charity for the life of the settlor. Respondent has permitted a deduction for the life interest of the charity in the annuities transferred. The only dispute is as to what deduction, if any, should be allowed for the life interest of the charity in the insurance policies.

The value of the life interest in the insurance policies, as such, is limited to the value of the anticipated dividends over the period of the life expectancy of the insured, who is, in this case, the donor. The trust provided that the net income shall be taken to include "all dividends or other returns received from any policy of insurance excepting such surplus or other dividends which may be applied to the purchase of paid up additions to the sum insured  *  *  *." The record does not show, however, what the provisions of the policies were with respect to use of the dividends for purchase of additional insurance. There is the possibility that all dividends were to be so used and that there was, therefore, no expectancy of income from the policies during the life of the insured. That being true, the charity would receive no income from the insurance policies. Thus petitioner has failed to prove that the life interest of the charity in the insurance policies themselves had any value.

Petitioner argues that the value of the life interest of the charity in the policies should be determined by discounting the cost of the policies for a period representing the life expectancy of the donor

at the time of the gift. Since she has failed to show that the charity would receive any income as long as the funds continued to be invested in the insurance policies, petitioner's argument assumes that the trustee could, at any time, convert the policies into other property at a value equal to the cost of the policies or their cash surrender value. The exercise of the right to convert is, however, wholly a matter of speculation. The right to convert the policies into income-producing property was in the trustee and not the charity. There is no assurance that it would exercise that right. Furthermore, a reading of the entire trust instrument leads us to the conclusion that the settlor did not intend that the trustee should surrender the policies. Thus the existence of any income to the charity from the insurance policies during the life of the insured is wholly contingent and incapable of valuation. Accordingly, petitioner is not entitled to the deduction claimed.

The second issue has to do with the number of $5,000 exclusions to which petitioner is entitled under section 504 of the Revenue Act of 1932. The answer turns on whether certain of the gifts in trust constitute gifts of present or future interests.

Respondent has allowed exclusions with respect to two outright gifts, a gift in trust for petitioner's husband, and outright gifts amounting to $3,800 to two of the beneficiaries of the trusts set up by petitioner. Petitioner claims additional exclusions with respect to the gift of the insurance policies in trust for the Allegheny General Hospital and with respect to gifts to 14 other trusts established for individual beneficiaries.

It is clear that petitioner is entitled to no exclusion with respect to the gift of insurance policies, inasmuch as we have held that there is no basis in the record for finding that the gift of the income during petitioner's life had any value. The gift of the remainder interest is, of course, a gift of a future interest.

The 14 trusts for individual beneficiaries, by reason of similarity in language, fall into two groups. The first is composed of two trusts which were substantially the same except as to the beneficiary named. Both trusts were dated December 23, 1935. The income was to be accumulated until January 1, 1939, at which time the trust was to terminate and the entire fund be paid over to the beneficiary. In the event that the beneficiary should die before January 1, 1939, the trust was to terminate and the property be distributed, in one case to the heirs of the beneficiary and, in the other, to the son of the beneficiary or, if he be not living, to his heirs. There was no intervening estate, but the beneficiary was not entitled to receive anything for more than three years after the creation of the trust. The problem is whether, by reason of that fact, the trust was limited to commence in use, possession, or enjoyment at a future date.

Where the income of a trust is to be accumulated until the beneficiary reaches the age of twenty-one, the gift in trust has been held to be a gift of a future interest. *Commissioner* v. *Taylor*, 122 Fed. (2d) 714; certiorari denied, —— U. S. —— (Jan. 5, 1942); *Commissioner* v. *Barbour*, 121 Fed. (2d) 728; *Welch* v. *Paine*, 120 Fed. (2d) 141. Likewise, a gift in which the income was to accumulate during the life of the grantor has been held a future interest. *Commissioner* v. *Glos*, 123 Fed. (2d) 548. We see no difference in principle between those cases where the income was to accumulate for an indefinite period but, neverthless, a period which was bound to terminate, and the case at bar where the income was to accumulate for a fixed period. In either case, the right of the beneficiary to use, possession, or enjoyment is postponed until the future time when the period of accumulation shall end. Therefore, we hold that the gifts were of future interests.

The second group is composed of 12 trusts, identical except as to the beneficiary, who is, in each case, a nephew or niece of the petitioner. Each trust was dated December 23, 1935, and was to terminate December 31, 1940. The trustee was directed to pay the income to the beneficiary quarterly. No distribution was to be made, however, prior to January 1, 1937. In case the beneficiary should die prior to the termination of the trust, the property was to go to his or her appointee or, in default of appointment, to his or her heirs at law. Thus the beneficiary was not entitled to receive any payment of the income until a definite period had elapsed. The principle applicable is exactly the same as that applicable in the case of the preceding two trusts. The only difference is that the period of accumulation is shorter. Nevertheless, the right of the beneficiary to use, possession, or enjoyment was definitely postponed until a future time. Accordingly, petitioner is not entitled to an exclusion with respect to these gifts.

*Decision will be entered for the respondent.*