F. J. SENSENBRENNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 107716.   Promulgated March 18, 1942.

*Maxwell H. Herriott, Esq.*, for the petitioner.
*Jonas M. Smith, Esq.*, for the respondent.

### OPINION.

ARNOLD: The Commissioner determined a deficiency in gift taxes in the amount of $7,761.94 for the year 1937.   It is alleged in the petition that the respondent erred in determining the amount of gifts for the year 1937 in disallowing exclusions in the amount of $5,000 each on six gifts made in trust and in reducing the exclusion of one trust from $5,000 to $195.19.   The facts are stipulated.

The petitioner is a resident of Neenah, Wisconsin.

On November 10, 1930, the petitioner entered into seven agreements with the First Union Trust & Savings Bank of Chicago, Illinois, known, respectively, as Trusts Nos. 13272 to 13278, inclusive.   On June 14, 1937, the petitioner made a gift of property to each trust of the value of $5,075.

Each trust agreement provides, *inter alia*, that the trustee shall pay the entire net income derived from the trust fund to or for the use of the grandchild named therein during a certain number of years after the date of the agreement, whereupon the principal shall be paid to

the grandchild; that if such grandchild dies before such date the trustee thereupon shall divide the principal into as many equal separate trusts as there are children of such grandchild then living and shall hold one separate trust for and pay the income thereof to such child until it attains the age of 26 years. The agreements numbered 13272, 13273, and 13274 further provide that, during the minority of any beneficiary to whom income payments are directed to be made, the trustee shall make such payments to John S. Sensenbrenner, son of petitioner, and from and after his death, if he shall die before the termination of income payments, to the petitioner:

* * * to be applied for the care, maintenance, comfort, support and education of such beneficiary in such manner as the person receiving such payments shall in his sole discretion deem best, and neither of them shall be accountable to the Trustee, to the beneficiary, or to any other person or Court for the payments so received by him. From and after the death of the survivor of the said JOHN S. SENSENBRENNER, and the Donor, the Trustee may make such payments in any one or more of the following ways: (a) directly to said minor; (b) to the legal guardian of said minor; (c) to a relative of said minor to be expended by such relative for the education and maintenance of said minor; or (d) by itself expending the same for the education and maintenance of said minor.

The income payments provided for hereunder shall be made in quarterly installments or oftener as the Trustee shall deem best, but shall only be made when and as such income, after it shall have accrued, shall be in the possession of the trustees for payment * * *.

The pertinent provisions of the seven trust agreements are identical in language except for the name of the beneficiary, the number of years during which the income payments are to be made prior to the distribution of principal, and the person to whom the income is payable during the minority of the beneficiary. In trust agreements numbered 13275 and 13276 the income payments to be made thereunder during the minority of any beneficiary were payable to Margaret Sensenbrenner Gilbert, daughter of petitioner, and under agreements numbered 13277 and 13278 to J. Leslie Sensenbrenner, son of petitioner.

The names of the grandchildren designated as primary beneficiaries, the number of years from date of agreement during which the income payments were to be made prior to distribution of principal, and the ages of the beneficiaries on June 14, 1937, are as follows:

| Trust No. | Beneficiary | Age June 14, 1937 | Principal payable after Nov. 10, 1930 |
|---|---|---|---|
| 13272 | F. James Sensenbrenner | 24 | 8 years, or Nov. 10, 1938. |
| 13273 | Helen Mary Sensenbrenner | 19 | 14 years, or Nov. 10, 1944. |
| 13274 | John Sensenbrenner | 12 | 20 years, or Nov. 10, 1950. |
| 13275 | Margaret Gilbert | 19 | 10 years, or Nov. 10, 1940. |
| 13276 | William Gilbert | 16 | 13 years, or Nov. 10, 1943. |
| 13277 | F. Joseph Sensenbrenner | 15 | 13 years, or Nov. 10, 1943. |
| 13278 | Helen Jane Sensenbrenner | 20 | 8 years, or Nov. 10, 1938. |

The petitioner filed his gift tax return for 1937 with the collector of internal revenue for Wisconsin at Milwaukee, Wisconsin. Therein he claimed exclusions of $5,000 for each gift made on June 14, 1937, to the trusts herein involved. The Commissioner disallowed the claimed exclusions, but allowed an exclusion to the extent of $195.19 on the gift to trust numbered 13272 for the benefit of F. James Sensenbrenner. The exclusion was computed as follows: $5,075 (value of gift) x .04 x .96154 (annuity factor for one year).

The applicable statute is section 504 (b) of the Revenue Act of 1932, providing as follows:

SEC. 504. NET GIFTS.

\*       \*       \*       \*       \*       \*       \*

(b) GIFTS LESS THAN $5,000.—In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

The petitioner contends that the gifts were gifts of present interests in property, whereas the respondent contends the gifts were gifts of future interests in property except the gift to trust numbered 13272. He contends the latter gift is a gift of a future interest with respect to the principal but concedes it is a gift of a present interest with respect to the income payments. He bases this concession on the fact that F. James Sensenbrenner was of age on June 14, 1937, the date of the gift, and was entitled under the provisions of the trust agreement to immediate payment of income as it was received by the trustee. He contends that, since all the other beneficiaries were minors on the date the gifts were made, payments to them were dependent upon the exercise of discretion vested in another.

In our opinion the respondent's determination must be sustained with respect to the principal of the gifts. *Charles* v. *Hassett*, 43 Fed. Supp. 432 (U. S. Dist. Ct. Mass.). "Future interests" have been defined as any interest or estate, whether vested or contingent, limited to commence in possession or enjoyment at a future date. *Ryerson* v. *United States*, 312 U. S. 405; *United States* v. *Pelzer*, 312 U. S. 399; art. 11, Regulations 79 (1936 Ed.); H. R. No. 708, 72d Cong., 1st sess., p. 29; S. R. No. 665, 72d Cong., 1st sess., p. 41. Under the provisions of each trust agreement the principal was payable at a date certain in the future to the named beneficiary if living, otherwise to his or her issue, and in the event of failure or death of such to the surviving sister and/or brothers of the primary beneficiary. At the time of the gifts it was not certain whether any of the grandchildren named would ever receive the principal of the

trust. The use, possession, and enjoyment of the principal was postponed to the happening of an uncertain event in the future, i. e., the survival of each beneficiary at the designated date of distribution of the principal. Each "gift thus involved the difficulties of determining the 'number of eventual donees and the value of their respective gifts' which it was the purpose of the statute to avoid." *United States* v. *Pelzer, supra.* In *Commissioner* v. *Glos,* 123 Fed. (2d) 548, the court stated:

We are not concerned with any nice distinction between contingent and vested remainders, for Congress has included all future interests. The sole statutory distinction between present and future interests lies in the question of whether there is postponement of enjoyment of specific rights, powers or privileges which would be forthwith existent if the interest were present. This is within the recognized significance of the term "future interest."

In our opinion the rights and interests of the beneficiaries in the seven trusts were of the same character. It has been held that an immediate life interest in income is a present interest, *Commissioner* v. *Brandegee,* 123 Fed. (2d) 58, as well as the right to receive income either for life or a term of 25 years, whichever is the shorter. *J. Willis Gardner,* 41 B. T. A. 679 (on appeal, C. C. A., 7th Cir.) ; *Charles* v. *Hassett, supra.* As heretofore stated, the respondent concedes that the interest of one of the beneficiaries, F. James Sensenbrenner, in the income of the gift is a present interest.

Under the agreements the trustee was directed to make payments of the income during the minority of any beneficiary to a designated person or the donor. The designated person was a son or daughter of the petitioner and apparently the father or mother of the grandchild beneficiary. Each agreement provided that the payments from the trustee were "to be applied for the care, maintenance, comfort, support, and education of such beneficiary in such manner as the person receiving such payments shall in his sole discretion deem best." It was only the manner of the application of the income and not the amount of the income which was subject to the discretion of any person. The agreements do not provide for the accumulation of income for future distribution. In *Paine* v. *Welch,* 42 Fed. Supp. 348, wherein the trustees by the terms of the trust agreement could in their discretion, pay, distribute, or withhold, in full or in part, the share of any beneficiary in either principal or income, the court held that the beneficiaries' interests were not limited to commence in use, possession, or enjoyment at some future date, stating as follows:

* * * In the trust instruments involved there is nothing limiting the possession or enjoyment of the beneficiaries until some time in the future, unless the discretionary power of the trustee to make or withhold payments can of itself be considered such a limitation. I do not think it is such a limitation in

the gift. Such a discretion cannot be exercised entirely arbitrarily, but is subject to the control of a court of equity.

In our opinion the interests of all the beneficiaries herein involved in the income from the gifts are present interests and not future interests within the meaning of section 504 (b) of the Revenue Act of 1932.

Article 19 of Regulations 79 (1936 Ed.) provides a method for the determination of the value of annuities and other interests for the purpose of gift taxation. So much of article 19 as is pertinent herein is set forth in the margin.[1] In computing the value of the interest in the income of the gift to F. James Sensenbrenner, the respondent used the annuity factor applicable to one year as shown in Table B, set forth at the end of article 19. The period from the date of the gift, June 14, 1937, to the date of distribution of the principal of the gift, November 10, 1938, is one year, four months and twenty-six days. The petitioner contends that the method is erroneous in that it requires the use of the annuity factor applicable to the number of years nearest to the time when the principal is payable to the respective beneficiaries and in that it disregards the additional four months and twenty-six days of the period. The petitioner introduced no evidence as to the factor to be used or as to a better method to be applied to ascertain the value of the gifts in question.

The method of valuing annuities, life, remainder, and reversionary interests set forth in article 19 of Regulations 79 (1936 Ed.) has been applied by respondent and has appeared over a long period of years in regulations pertaining to estate taxes as well as gift taxes. Art. 10, Regulations 80 (1937 Ed.); art. 13, Regulations 80 (1934 Ed.). Regulations 70 (1929 Ed.) and Regulations 68; art. 12, Regulations 37 (1917 Ed.); art. 19, Regulations 79 (1933 Ed.) and art. 7, Regulations 67 (1924 Ed.). There may be better and more accurate

---

[1] ART. 19. *Valuation of property.*—

\* \* \* \* \* \* \*

(7) *Annuities, life, remainder and reversionary interests.*—\* \* \* In case the donor creates a trust under which a specified annuity is payable to the donee, the value of such gift should be determined by using Table A or Table B, whichever is applicable, shown at the end of this article. If the annuity is payable at the end of each annual period, the factor is obtained directly from the table. If the annuity is payable for the life of an individual, the amount payable annually should be multiplied by the figure in column 2 of Table A opposite the number of years in column 1 of such table nearest the actual age of the individual (as of the date of the gift) whose life measures the duration of the annuity, or if payable for a definite number of years the amount payable annually should be multiplied by the figure in column 2 of Table B opposite the number of years in column 1 of such table.

\* \* \* \* \* \* \*

If the annuity is payable semiannually, quarterly, or monthly, the value should be determined by multiplying the aggregate amount to be paid within a year by the figure in column 2 of Table A opposite the number of years in column 1 nearest the age of the person whose life measures the annuity, or the figure in column 2 of Table B opposite the number of years the annuity is payable, as the case may be, and then multiplying the product by 1.01820 for monthly payments, by 1.01488 for quarterly payments, or by 1.00990 for semiannual payments.

718

methods, but we can not for that reason disapprove of a method long in use without evidence establishing a better one. *Simpson* v. *United States*, 252 U. S. 547. In *Commissioner* v. *Marshall* (C. C. A., 2d Cir.), 125 Fed. (2d) 943, the court stated that the method of valuing remainders in article 19 of Regulations 79 "is not so arbitrary as to be unreasonable and invalid." Cf. *Anna L. Raymond*, 40 B. T. A. 244; affd., 114 Fed. (2d) 140; certiorari denied, 311 U. S. 710.

However, the trust agreements provide that the income payments shall be made in quarterly installments. Section 7 of article 19 provides that if the annuity is payable quarterly the value shall be determined by multiplying the aggregate amount to be paid within a year by the figure in column 2 of Table B, opposite the number of years the annuity is payable, and then multiplying the product by 1.01488. The respondent in his computation failed to multiply "the product by 1.01488" and this should be done. The value of the gift of income to F. James Sensenbrenner is, therefore, $5,075 x .04 x .96154 x 1.01488. The value of the gifts of income to the other grandchildren should be computed accordingly, using the factor in Table B, applicable to the years of the period during which the income is payable to them, respectively.

*Decision will be entered under Rule 50.*