H. A. Wisotzkey v. Commissioner.
Wisotzkey v. Commissioner
Docket No. 108793.
United States Tax Court
1943 Tax Ct. Memo LEXIS 263; 2 T.C.M. (CCH) 226; T.C.M. (RIA) 43268; June 8, 1943
*263 Gifts of income to certain trusts held to be gifts of present interests in property. Gifts of interests in the corpus of the trusts held to be gifts of future interests in property. Fisher v. Commissioner, 132 Fed. (2d) 383; F. J. Sensenbrenner, 46 B.T.A. 713. Howe P. Cochran, Esq., 909 Colorado Bldg., Washington, D.C., for the petitioner. Harry L. Brown, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $2,175 in the petitioner's gift tax for 1938. In his third amended answer he recomputed the deficiency to be $2,942.54, for which additional sum he asserted a claim. The case presents the following issues: 1. Whether or not this Court has jurisdiction in this case. 2. Whether or not the rights of the beneficiaries under certain trust indentures were present or future interests within section 504 (b) of the Revenue Act of 1932, as amended by section 505 of the Revenue Act of 1938. 3. The ascertainment of the period to be used in evaluating such property rights which are either determined as, or conceded to be, present interests. 4. *264 Whether one maximum exclusion of $5,000 is to be allowed where, within the same year, one gift is made directly to the donee and another is made to him through a trust device. Findings of Fact The facts were stipulated and as so stipulated are adopted as findings of fact. In so far as pertinent to the issues raised they are substantially as follows: The petitioner, an individual, resided at York, Pennsylvania, in 1938. He filed his gift tax return for that year with the Collector of Internal Revenue in the First District of Pennsylvania, at Philadelphia, Pennsylvania. In 1938 the petitioner made direct gifts of stock of The Maple Press Company, York, Pennsylvania, herein sometimes called Maple, to his five children, as follows: Donee
Value of Gift
Edna Margaret Gartman
$3,000
Edith Campbell Hummel
3,000
John Utz Wisotzkey
3,000
Bradley Wisotzkey
3,000
Harry Albert Wisotzkey, Jr
3,000
In his gift tax return for 1938 the petitioner excluded all of these gifts as being less than $5,000 each in value. He had not made any other direct gifts to these persons in that year. Group I Trusts On December 30, 1938, the petitioner executed five separate trust indentures, *265 herein collectively called Group I, wherein he named the same five children as beneficiaries. The corpora of the Group I trusts consisted of Maple stock. The following sets forth the names of the beneficiaries, the value of the corpus of each trust, and the exclusion claimed. Value
of
Exclusion
Beneficiaries
Corpus
Claimed
Edna Margaret Gartman
$21,000
$5,000
Edith Campbell Hummel
9,000
5,000
John Utz Wisotzkey
9,000
5,000
Bradley Wisotzkey
21,000
5,000
Harry Albert Wisotzkey, Jr.
3,000
3,000
The Group I indentures are substantially alike. The following excerpts, typical of all, sufficiently present the issue: ONE: The Trustees are to collect the income, revenues, profits and dividends arising from and accruing to the aforesaid stock, as well as the income from any and all other property that might hereafter be received or acquired under the terms of this indenture, and to pay over and disburse the same annually to the beneficiary, or his heirs or assigns. TWO: The trustees are to hold the aforesaid shares of stock as Corpus, and are to treat any and all stock dividends as Corpus and not as income. and, subject to the provisions of paragraph *266 FOUR (4), to hold as Corpus any and all other property that might hereafter be received or acquired as Corpus under the terms of this indenture until the 31st day of December 1962, and then to pay over the same to the said beneficiary, or his heirs or assigns; provided however that this trust shall terminate upon the tenth anniversary of the day on which the Trustee H. A. Wisotzkey ceases to be a Trustee, should that anniversary be earlier than December 31, 1962, in which event the trust estate shall forthwith be paid over to the beneficiary or his heirs or assigns. * * * * *
SIX: Any Trustee under this instrument may resign upon thirty (30) days' written notice to the other Trustees. * * * * *
NINE: The Grantor shall have no right to revoke this trust, nor to do any acts of any kind concerning it, except as one of the Trustees under this instrument, and as the agent of .
All the Group I indentures contain spendthrift provisions. Group II Trusts On December 30, 1938, the petitioner executed twelve separate indentures, herein collectively called Group II. He named one of his grandchildren in each instrument. The corpora of the trusts were Maple stock. The following *267 shows the names of the beneficiaries, the value of the corpora, and the exclusions claimed: Value
Exclusion
Beneficiaries
of Gift
Claimed
Franklin Wattles Moser
$3,000
$3,000
Mary Jane Hummel
3,000
3,000
George Heck Hummel
3,000
3,000
Harry Hummel
3,000
3,000
John Utz Wisotzkey, Jr.
3,000
3,000
Isabella Morrison Wisotzkey
3,000
3,000
Joseph Edward Wisotzkey
3,000
3,000
Patricia Ann Wisotzkey
3,000
3,000
Mary Elizabeth Wisotzkey
3,000
3,000
Jo Ann Wisotzkey
3,000
3,000
Harry Albert Wisotzkey, III
3,000
3,000
Barbara Jane Wisotzkey
3,000
3,000
The Group II indentures are substantially alike. The following excerpts, typical of all, sufficiently present the issue: ONE: The Trustees are to collect the income, revenues, profits and dividends arising from and accruing to the aforesaid stock, as well as the income from any and all other property that might hereafter be received or acquired under the terms of this indenture, and to pay over and disburse the same to or for , the beneficiary, for the purpose of the education and training and maintenance of said beneficiary until said beneficiary reaches the age of twenty-one (21) years, and then *268 to pay over such income, revenue, profits, and dividends to said beneficiary annually; but stock dividends of stock of The Maple Press Company shall be treated as Corpus and not as income. TWO: The Trustees are to hold the aforesaid shares of stock as Corpus, and to hold any stock dividends paid on it as Corpus, and, subject to the provisions of paragraph FOUR (4), to hold as Corpus any and all other property that might hereafter be received and acquired as Corpus under the terms of this indenture, until the said beneficiary becomes forty-five (45) years of age, and shall then pay over the same to the said beneficiary or his heirs or his assigns. Should the beneficiary die before reaching the age of forty-five (45) years, this trust shall be administered, for the benefit of his heirs or assigns, exactly as it would have been administered for him had the beneficiary lived. * * * * *
SIX: Any Trustee under this instrument may resign upon thirty (30) days' written notice to the other Trustees. * * * * *
NINE: The Grantor shall have no right to revoke this trust, nor to do any acts of any kind concerning it, except as one of the Trustees under this instrument, and as the agent *269 of .
A spendthrift provision appears in all the Group II instruments. Group III Trusts On December 30, 1938, the petitioner executed twelve additional trust instruments, herein collectively referred to as Group III. He named one of the same twelve grandchildren as beneficiary in each instrument. Maple stock constituted the corpora. The following sets forth the names of the beneficiaries, the value of the corpora, and the exclusion claimed: Value
Exclusion
Beneficiaries
of Gift
Claimed
Franklin Wattles Moser
$3,000
$3,000
Mary Jane Hummel
3,000
3,000
George Heck Hummel
3,000
3,000
Harry Hummel
3,000
3,000
John Utz Wisotzkey, Jr.
3,000
3,000
Isabella Morrison Wisotzkey
3,000
3,000
Joseph Edward Wisotzkey
3,000
3,000
Patricia Ann Wisotzkey
3,000
3,000
Mary Elizabeth Wisotzkey
3,000
3,000
Jo Ann Wisotzkey
3,000
3,000
Harry Albert Wisotzkey, III
3,000
3,000
Barbara Jane Wisotzkey
3,000
3,000
The Group III indentures are substantially alike. The following excerpts, typical of all, sufficiently present the issue: ONE: The Trustees are to collect the income, revenues, profits and dividends arising from and accruing to the aforesaid stock, *270 as well as the income from any and all other property that might hereafter be received or acquired under the terms of this indenture, and to accumulate the same for , the beneficiary, and add it to the Corpus and preserve it intact until said beneficiary reaches twenty-one (21) years of age; thereafter to pay over and disburse to said beneficiary semiannually all of the income, revenue, profit, and dividends of the trust estate as it is received, but stock dividends of stock of The Maple Press Company shall be treated as Corpus and not as income. TWO: The Trustees are to hold the aforesaid shares of stock as Corpus and to hold any stock dividends paid on it as Corpus, and, subject to the provisions of paragraph FOUR (4) to hold as Corpus any and all other property that might hereafter be received or acquired as Corpus under the terms of this indenture, and also hold as Corpus all of the accumulations of this estate up to the time the said beneficiary reaches 21 years of age, until the 31st day of December 1962, or until the said beneficiary becomes thirty-five (35) years of age, whichever is later; and upon the later of these two dates to pay over the same to the said beneficiary *271 or his heirs or his assigns; provided, however, that if the tenth anniversary of the day on which the Trustee H. A. Wisotzkey ceases to be a Trustee shall occur before December 31, 1962 and before the said beneficiary becomes thirty-five (35) years of age then the Trustees shall pay over the entire Corpus of the estate to the said beneficiary upon his thirty-fifth birthday; or if the said anniversary shall occur before December 31, 1962 and after the said beneficiary becomes thirty-five (35) years of age, then the Trustees shall pay over the entire Corpus forthwith. * * * * *
SIX: Any Trustee under this instrument may resign upon thirty (30) days' written notice to the other Trustees. * * * * *
NINE: The Grantor shall have no right to revoke this trust, nor to do any acts of any kind concerning it, except as one of the Trustees under this instrument, and as the agent of .
TEN: Should the beneficiary die before reaching the age of thirty-five (35) years, this trust shall be administered for the benefit of his heirs or assigns, exactly as it would have been administered for him had the beneficiary lived. A spendthrift provision is included in all the instruments in this *272 group. The dates of birth of the donee-beneficiaries of the trusts above referred to are as follows: Edna Margaret Gartman
June 16, 1893
Edith Campbell Hummel
March 18, 1895
Bradley Cutler Wisotzkey
May 20, 1905
Harry Albert Wisotzkey, Jr.
Sept. 29, 1902
John Utz Wisotzkey
March 4, 1897
George Heck Hummel, Jr.
June 9, 1917
Harry Hummel
Sept. 28, 1923
Mary Jane Hummel
April 29, 1919
Franklin Wattles Moser
Dec. 13, 1916
Barbara Jane Wisotzkey
Sept. 24, 1932
Harry Albert Wisotzkey, III
Aug. 13, 1926
Isabella Morrison Wisotzkey
May 28, 1931
Jo Ann Wisotzkey
April 26, 1925
John Utz Wisotzkey, Jr.
Sept. 10, 1929
Joseph Edward Wisotzkey
Aug. 31, 1933
Mary Elizabeth Wisotzkey
Sept. 14, 1923
Patricia Ann Wisotzkey
June 3, 1936
The parties have stipulated a "Table showing the present worth at 4 per cent of an Annuity for a Term Certain, and of a Reversionary Interest postponed for a Term Certain." Opinion VAN FOSSAN, Judge: The first question presented is whether this Court has juridiction in this case. Petitioner challenges our jurisdiction on the grounds that the letter on which the petition is based is not a final determination of deficiency by the Commissioner *273 of Internal Revenue and that the case ultimately presented is different from that set out in the letter above referred to. Clearly there is no merit in the first contention. The letter purported to be, and was, a final action taken by the Commissioner acting through one of his appointed agents. It was regular in every way and gave the taxpayer adequate notice of the determination of the deficiency. It can not be assumed that the Commissioner will personally sign every paper representing his official action. Although this letter was signed by the Internal Revenue Agentin-Charge on behalf of the Commissioner, it represented the official action of the Commissioner. No citation of authority is needed. As to the second contention in the matter of jurisdiction, in his brief petitioner urges that the theory underlying the notice of deficiency and that upon which the third amended answer is predicated are distinctly different. We find no merit in this contention. It is manifest on inspection of the pleadings that the respondent's case, as set forth in the third amended answer, is based on exactly the same basic theories as was his notice of deficiency. The respondent, in the third amended *274 answer, asserted a claim for an additional deficiency. Such procedure is expressly authorized by section 513 (e) of the Revenue Act of 1932, which section was in effect in 1938. This is not a departure from the original theory. Contrary to the assertion in the petitioner's brief, the third amended answer was duly filed and served on petitioner's counsel on October 2, 1942. Petitioner filed his reply October 19, 1942. The case was heard on January 11, 1943. There was no last-minute surprise. We are of the opinion that we have juridiction in this case, and so hold. Turning to the question of whether or not the rights of the several beneficiaries under the various trust indentures constitute present or future interests in property, it will be noted that the same fundamental problem is presented with respect to all the trusts. To determine the Congressional intent and the meaning of the term "future interests in property" as the term is used in section 504 (b) of the Revenue Act of 1932, as amended by section 505 of the Revenue Act of 1938, we first refer to the Committee Report's reference to the legislation. We find the following: The term "future interests in property" refers *275 to any interest or estate, whether vested or contingent, limited to commence in possession or enjoyment at a future date. [Committee Report on Revenue Bill of 1932, House Report No. 708, 72d Congress, First Session, page 29; Committee Report on Revenue Bill of 1932, Senate Report No. 665, 72d Congress, First Session, page 41.] The following definition appearing in Article 11 of Treasury Regulations 79, 1936 Edition, has received the approval of the Supreme Court in United States v. Pelzer, 312 U.S. 399: "Future interests" is a legal term and includes reversions, remainders and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession or enjoyment at some future date or time. The immediate problem is to test the several groups of trusts in the light of this definition. By the terms of the five trusts in Group I the trustees are required to pay the income to the named beneficiary or his heirs or assigns annually until his trust expires or is terminated. In either of the latter events, each trust estate is to be paid over to the beneficiary *276 or his heirs or assigns. Each trust will expire on December 31, 1962. Each is to terminate upon the tenth anniversary of the day upon which the petitioner "ceases to be a trustee", provided that anniversary is prior to December 31, 1962. The petitioner may resign as trustee upon thirty days' written notice to the co-trustee or co-trustees. Upon the execution of each of the trust indentures listed in this group the respective beneficiaries each acquired two distinct kinds of interests, - the right to receive the income and the right to receive the corpus. Fisher v. Commissioner, 132 Fed. (2d) 383, affirming 45 B.T.A. 958; F. J. Sensenbrenner, 46 B.T.A. 713, affirmed (C.C.A.-7) April 8, 1943. The right to receive the income from the corpus of his trust bestowed on each beneficiary the privilege of immediate use, possession and enjoyment of the property, i.e., the income. Respondent conceded this to be a present interest and has allowed five exclusions based thereon. Excepting in the case of Harry Albert Wisotzkey, Jr., he limited the exclusions based on the income rights of all of the beneficiaries *277 of the Group I trusts to $2,000 because a $3,000 exclusion was allowed for the direct gifts to those four individuals. The second interest acquired by each beneficiary was a right to obtain the corpus of his trust upon its termination or expiration. That right, unlike the former, did not bestow a privilege to use, possess or enjoy the property conveyed immediately, but rather postponed the right to such use, possession or enjoyment to a future time - the day on which the trust terminates or expires. Clearly the right of each beneficiary to the corpus of his trust constitutes a "future interest in property". We, therefore, hold that the respondent properly disallowed all exclusions based upon each beneficiary's right to receive the corpus of his trust. By each of the twelve trusts included in Group II, the petitioner on December 30, 1938 transferred shares of Maple stock to himself and two others as trustees for the use and benefit of one of his twelve grandchildren. One grandchild was named in each instrument. The indentures are identical except for the names of the beneficiaries. All the trusts are irrevocable. The trustees are to pay over and disburse the income to or for each *278 beneficiary for the purpose of his education, training and maintenance until he arrives at age 21. Upon his arrival at that age the trustees are to pay the income directly to him annually. When he arrives at age 45 the corpus of his trust is to be distributed to him. Only two of the twelve beneficiaries were over 21 years of age when the indentures were executed. Neither was 45 at the time. The respondent conceded that the rights of each of the twelve beneficiaries to the income of his trust constitutes a present interest. Since the right of each of the twelve beneficiaries to receive the use, possession and enjoyment of the corpus of his trust is postponed to a future date, namely his arrival at age 45, we conclude that such right constitutes a "future interest in property". Consequently the respondent properly disallowed all exclusions based thereon. On December 30, 1938 the petitioner executed twelve other trust indentures referred to as Group III, wherein he transferred Maple stock to himself and two others as trustees for the use and benefit of the same twelve persons as were named as beneficiaries in the Group II trusts. One beneficiary was named in each instrument. The *279 indentures are identical except for the names of the beneficiaries. All of the trusts are irrevocable. The trustees are directed to accumulate the income from the trusts as corpus until the beneficiary thereof reaches 21 years of age, and then to pay him all the income of his trust semi-annually. The corpus of each trust is to be held until the beneficiary attains the age of 35, or until December 31, 1962, whichever is later, and then it is to be distributed to him. If, however, the tenth anniversary of the day on which the petitioner "ceases to be a Trustee" occurs before December 31, 1962, and prior to the day on which the beneficiary becomes 35, then the corpus is to be released to him on his 35th birthday. If that anniversary occurs before December 31, 1962, and after the beneficiary has attained age 35, the trustees are required to turn over the entire corpus of the trust to him forthwith. The petitioner may resign as trustee upon 30 days' written notice to the co-trustees. If the beneficiary dies before reaching age 35, the trust is to be administered for the benefit of his heirs or assigns in the same manner as it would have been had he lived. As pointed out above, two of *280 the beneficiaries were past 21 years of age on December 30, 1938, but neither was 45. Here again each beneficiary received two distinct kinds of interests. Fisher v. Commissioner, supra. One, the right to receive income upon becoming 21 years of age, the other entitling him to receive the corpus in the future, but in no event before he attained age 35. The respondent conceded that the rights of the two adult beneficiaries to receive the income constitute present interests. For the reasons given above, and on the authorities cited, we conclude that the rights of the ten minor beneficiaries to receive the income from their trusts subsequent to their arrival at age 21 constitute "future interests in property". (See also Martha F. Mason, 46 B.T.A. 682.) Similarly, we conclude that the rights of both the minor and adult beneficiaries ultimately to obtain the corpus of their trusts constitute "future interests in property." The Commissioner properly disallowed the exclusions based on the rights of the ten minor beneficiaries to receive the income from their trusts. The respondent also correctly disallowed all exclusions based *281 on the rights of all the beneficiaries, minor and adult, to receive the corpus of their trusts. There remains for determination the period of time to be used in the formula employed in ascertaining the value of the present gifts, i.e., the value of the rights of those beneficiaries who received the privilege of immediate use, possession, and enjoyment of the income from their respective trusts. The petitioner contends that all interests conveyed, both as to income and as to corpus, represent present interests and makes no argument on this point in his original brief nor does he answer respondent's contention in his reply brief. Respondent contends that the various interests should be valued under the formulae and by the use of Table B, both set out in Article 19 of Regulations 79, together with Tables II and III, pages 87 and 89, Wolfe, Inheritance Tax Collections, 1937 Edition, stipulated in evidence in the record of this case. In making his computations in his third amended answer the respondent has apparently applied these formulae and tables. With respect to Group I trusts, in the case of Harry Albert Wisotzkey, Jr., he has used a 10-year period of expectancy; with respect to *282 the individuals in Group II trusts respondent used the period of years between the date of the trusts and the date when each beneficiary will attain 45; with respect to the Group III trusts, in which only two beneficiaries, Franklin Wattles Moser and George Heck Hummel, Jr., received the present interests, respondent used the number of years that will elapse between the date of the gifts and the date when each beneficiary becomes 35 years of age. As above observed, petitioner devoted no attention to this phase of the case. In the absence of evidence of disagreement with respondent's method, we need not discuss the problem. As was stated in F. J. Sensenbrenner, supra, Article 19 of Regulations 79 has been applied over a long period of time. In that case it was stated: "There may be better and more accurate methods but we cannot, for that reason, disapprove of the method long in use without evidence establishing a better one." Petitioner suggests no alternative. In this situation we approve respondent's method of computation, as set out in his third amended answer. The final question of whether or not the petitioner is entitled to one maximum exclusion *283 of $5,000 for all gifts made to the same person during the taxable year, including those made directly and those by trust, or whether he is entitled to separate exclusions for each transaction is ruled adversely to petitioner's contention on the authority of the Supreme Court in Helvering v. Hutchings, 312 U.S. 393, where it was held that the word "person" as used in section 504 (b) of the Revenue Act of 1932 refers to the trust beneficiary and not to the trustee. See also United States v. Ryerson, 312 U.S. 260. It follows that the exclusion which a donor may take under section 504 (b) of the Revenue Act of 1932, as amended by section 505 of the Revenue Act of 1938, is limited to the first $5,000 of all gifts made to a person during 1938, irrespective of the fact that part of the gifts were made directly and part through a trust device. Decision will be entered under Rule 50.