Arthur A. Frank v. Commissioner.
Frank v. Commissioner
Docket No. 107828.
United States Tax Court
1944 Tax Ct. Memo LEXIS 56; 3 T.C.M. (CCH) 1180; T.C.M. (RIA) 44360; November 2, 1944
*56 John E. Hughes, Esq., 385 Dearborn St., Chicago, Ill., for the petitioner. David Altman, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: This proceeding involves the redetermination of deficiencies of $166.28 and $270.04 in gift taxes for the respective years 1938 and 1939. Petitioner alleges in his petition that no taxable gifts were made and that he made overpayments of gift taxes in the amount of $1,836.42 for 1938 and $5,693.09 for 1939. By an amended answer, respondent alleges that, as the property represented gifts of future interests, in determining the deficiencies he understated the net gifts in the taxable years on account of allowances of excessive exclusions in 1938, and asks for increased deficiencies in the amount of $1,216.28 for 1938 and $495.04 for 1939. The evidence in the proceeding is set forth in stipulations of fact which are incorporated herein by reference as our findings of fact. [The Facts] The petitioner, a resident of Cook County, Illinois, filed gift tax returns for the years 1937, 1938 and 1939 with the collector for the first district of Illinois, and reported therein gifts to two trusts created by him *57 in 1937 for the primary benefit of each of his two sons, Arthur A. Frank, Jr., and Clinton E. Frank. In all material respects the trusts were identical as to their terms, and, accordingly, a statement covering the important provisions of one of them will be sufficient here. The trustee of the trust, petitioner herein, was authorized to apply for policies of insurance on the life of and annuities for the primary benefit of the son, hereinafter referred to as beneficiary, to permit any of such policies or annuities to lapse, and to use income of the trust, or corpus thereof if there was insufficient income, to pay all or part of the premiums on such insurance and annuities, and like insurance and annuities taken out by others. The remainder of the net income of the trust the trustee was directed to distribute to the beneficiary, and after the son reached 50 years of age to distribute to him such part or all of the corpus as he might request in writing. The beneficiary had the right, without the consent of the trustee, to exercise any option, privilege or benefit in connection with the policies of insurance and annuities. Upon the death of the beneficiary, the trustee was directed to *58 divide the trust estate into equal shares for the benefit of the surviving children of the beneficiary and the living descendants, collectively, of each deceased child of the beneficiary. Each share going to the living descendants of a deceased grandchild of the trustor, and grandchildren 25 or more years of age, was to be distributed forthwith. Pending attainment of age 25 by other grandchildren, the income from his share of the estate was to be used in the discretion of the trustee, for maintenance and eduction of the grandchildren. If any grandchild died before attaining the age of 25 years, his share was to go to the living descendants of such grandchild, and if no such descendants, to the then living descendants of the beneficiary equally, per stirpes. If any portion of the estate was undistributed at the time of death of the last survivor of the beneficiary and his descendants, the trustee was directed to distribute the net income of the trust to the beneficiary's widow until her death or remarriage, and thereafter to the donor's wife for her life, and upon the death of the survivor of the grantor's wife and the widow of the beneficiary, or the widow's remarriage, the grantor's *59 wife not surviving, to distribute the entire trust estate to the living descendants of the donor equally, per stirpes. In the event the donor's descendants and wife, and the widow of the beneficiary predeceased him, or the latter remarried, the trust estate was to revert and be distributed to the donor, if living, and if deceased, it was to be distributed to a specified individual, if living, and if not, to a designated society. "Article III (c) of the trust reads as follows: Upon the death of any beneficiary any accrued, accumulated or undistributed net income which would have been payable to such beneficiary had such beneficiary continued to live, shall be paid to the beneficiary who shall next be entitled to receive such income or the principal from which such income was derived." The value of the property transferred to the trusts was the amount reported by petitioner in his gift tax returns, and used by respondent in his determination of the deficiencies. The beneficiaries, Arthur A. Frank, Jr., and Clinton E. Frank, were born October 24, 1913, and September 13, 1915, respectively, and were unmarried in 1938 and 1939. Petitioner was born in 1878 and his wife in 1883. *60 The possibility of reverter to petitioner of the properties reported in his gift tax returns for the taxable years is not susceptible of valuation actuarially under any known tables or by any mathematical formulae. The deficiencies herein resulted in part from adjustments of allowable exclusions and the action of the respondent in that respect is not being contested. The only issue raised by petitioner is that the respondent erred in determining that taxable gifts were made in the taxable years. While such a question is properly before us, and if decided in favor of the petitioner, will result in overpayments of gift taxes, it is clear from the opening statement of and brief submitted by counsel for petitioner that the primary object of the proceeding is to obtain a decision on the question for the purpose of preventing a subsequent levy of estate taxes on the property if taxable gifts were made of it during the taxable years. Petitioner made gifts to the same trusts in 1937 and paid gift taxes thereon. In 1939, respondent refunded a portion of the taxes under a claim of petitioner that he was entitled to four exclusions of $5,000 each, instead of two exclusions as claimed in his *61 gift tax return. In 1941, respondent filed a suit for recovery of the amount refunded, contending that petitioner was entitled to exclusions of only $10,000. Petitioner admitted that the refunds were illegally made upon the ground that he was entitled to exclusions of $10,000 in excess of the amount claimed by him in his gift tax return, but alleged in his answer to the complaint that the gifts were not subject to gift tax because the trusts contained a possibility of reverter and that the Commissioner overvalued the property. The District Court held that the transfers were not subject to a gift tax, and if they were that the complainant could not recover because of its failure to prove the value of the possibility of reverter, by the amount of which the value of the property transferred should be reduced. United States v. Arthur A. Frank, 30 AFTR 1572. Upon appeal, the defendant, petitioner here, endeavored to sustain the action of the District Court upon the grounds that the complainant had failed to prove the value of the possibility of reverter and that in any event an excessive valuation was used in levying the tax. The court held that in view *62 of Robinette v. Helvering, 318 U.S. 184, "the possibility of reverter was so uncertain, indefinite and speculative in character as to have no value susceptible of proof", and remanded the case to the District Court to determine "the value of the gifted property on which to compute the tax." United States v. Frank, 133 Fed. (2d) 1009. The decision of the Circuit Court rendered after the filing of briefs herein, contains nothing to disclose a contention of the defendant that no gifts were made. The case is not wholly decisive of the issues here. The effect of the discussion of the question by petitioner upon brief is that if the transfers here are not subject to gift taxes it is on account of the retention by the donor of a reversionary interest in the property. It is now well settled that a possibility of reverter in the donor is insufficient to make the gift incomplete, in such cases the only portion of the value of the property transfered not subject to tax being the value of the reversionary interest. Smith v. Shaughnessy, 318 U.S. 176; Robinette v. Helvering, supra; *63 Pauline Wilkens Tidemann, 1 T.C. 968. The value of the reversionary interest here, as the Circuit Court pointed out in United States v. Frank, supra, involving gifts to the same trusts in 1937, "is more uncertain and speculative then was the reversionary interest of the donor in the Robinette case." Here the parties have agreed that the value of the possibility of reverter in the donor can not be determined actuarially under any known tables or by any mathematical formulae. Except for the possibility of reverter, the value of which is indeterminable, and therefore may not be deducted from full value of the property transferred, petitioner made completed gifts in the taxable years. Respondent allowed exclusions in his determination of the deficiencies. He contends here that the gifts were of future interests and, accordingly, that he was in error in allowing the exclusions of $10,000 in 1938 under section 504(b) of the Revenue Act of 1932. [1]
*64 Article 11 of Regulations 79, defines future interests as any interests or estates "whether vested or contingent * * * which are limited to commence in use, possession, or enjoyment at some future date or time." This definition was accepted in United States v. Pelzer, 312 U.S. 399, and Ryerson v. United States, 312 U.S. 405, as applicable to the gifts involved therein. In Commissioner v. Gardner, 127 Fed. (2d) 929, the court, citing the Pelzer case, said that "we may determine whether the gift is of a present or future interest by ascertaining whether or not the beneficiary is entitled to the immediate and unrestricted use of the trust estate, or its income." The same court in Commissioner v. Glos, 123 Fed. (2d) 548, said "the sole statutory distinction between present and future interests lies in the question of whether there is postponement of enjoyment of specific rights, powers or privileges which would be forthwith existent if the interest were present." In Welch v. Paine, 120 Fed. (2d) 141, the court said: * * *65 * As applied to the interests of a beneficiary under a trust, a "future interest" is used by way of contrast to a "present interest", which is characterized by the Restatement, supra, § 153, as "the right to the immediate beneficial enjoyment of the proceeds of the trust". The minor beneficiaries in the present case clearly have not the right to the immediate beneficial enjoyment of the trust income. Memo. opinion in Mary duPont Faulkner, 41 B.T.A. 875, the Board said that a gift is of a "present interest where the donee acquires immediately the entire beneficial interest in the subject matter of the gift." It has been held that where the income from property held in trust was currently payable to or for the use of specified individuals, the interests in the income were gifts of present interests. F. J. Sensenbrenner, 46 B.T.A. 713, aff'd. 134 Fed. (2d) 883; Madeleine N. Sharp, 3 T.C. 1062. Here the donee had no right to receive the corpus of the trust until he reached the age of 50 years. Accordingly the gift of principal of the trust was a gift of a future *66 interest in property, to which the exclusions do not apply. The situation respecting the income from the corpus is different. The income of the trust was currently distributable to the donee, unless all or a part thereof was used by the trustee to pay premiums on insurance on the life or annuities for the primary benefit, of the beneficiary. The beneficiary was entitled to exercise, without the consent of the trustee, the rights of owner of the insurance and annuities. A "present power of disposition for one's own benefit is the equivalent of ownership." Ryerson v. United States, 312 U.S. 405. The rights of ownership acquired by the beneficiary in insurance and annuities upon the application of trust income to the payment of premiums thereon, distinguishes the case from those in which the benefits under policies of insurance on which the premiums were paid were not to go to the beneficiary until a future date. Frances P. Bolton, 1 T.C. 717; Dora Roberts, 2 T.C. 679; Commissioner v. Boeing, 123 Fed. (2d) 86. The benefits here from any application of trust *67 income to premiums on insurance and annuities were immediate and unrestricted. Thus, the beneficiary was entitled, until a determinable time, to receive directly or by application for his sole benefit in life insurance and annuities, all of the income of the trust, leaving nothing for enjoyment in the future. Respondent argues that it must be assumed that any policies of insurance purchased contained provisions postponing until a future date the right to surrender the insurance for cash and that such terms would render the enjoyment of the insurance contingent upon future events. We need not decide the point. In this respect respondent had the burden of proof. He has failed to prove the use of trust income for insurance premiums or that insurance taken out by the trustee, if any, had no cash surrender value in the taxable year. The cash surrender value of a policy of life insurance is only one of the factors entering into its value. Guggenheim v. Rasquin, 312 U.S. 254, in which the Court held that the value of a single premium life insurance policy is the cost thereof to the donor for gift tax purposes. The income of the trust constitutes gifts of present *68 interests. In his determination of the deficiencies the respondent used the values returned by petitioner for the gifted property and such values were not put in issue here. In view of the statutory provision denying any exclusion on gifts of future interests, it is necessary to determine the value of the present interests in the income. In the absence of any evidence of record on such values, the values will be left for determination under Rule 50 in accordance with article 19 of Regulations 79 (1936 edition) which was applied under similar circumstances in F. J. Sensenbrenner, supra, and Pauline Wilkens Tidemann, supra.
Decision will be entered under 50. Footnotes
1. SEC. 504. NET GIFTS. * * * * *
(b) Gifts Less Than $5,000. - In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.↩